**THOMSON v. REYNOLDS, Collector of Internal Revenue.**

Civil Action No. 872.

District Court, D. Minnesota, Fourth Division.

Feb. 25, 1944.

Rolf Ueland, of Minneapolis, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

NORDBYE, District Judge.

On April 19, 1937, Lydia Emma Mapes created a five thousand dollar trust for each of her five grandchildren. Plaintiff was named individual trustee of four of the trusts and Frank E. Mapes was named individual trustee of the fifth. The Northwestern National Bank and Trust Company of Minneapolis, Minnesota, was named corporate trustee 'of all five. When Mrs. Mapes filed her gift tax return for 1937, she deducted the amount of these gifts pursuant to Section 504(b) of the Revenue Act of 1932, 47 Stat. 169, 247, 26 U.S.C.A. Int.Rev. Acts, page 585. Section 504(b) provides:

"Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor dur-

ing the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

The Commissioner refused to allow the deductions, for he believed that Mrs. Mapes' gifts to each grandchild were gifts of future interests and therefore not tax exempt under Section 504(b). Consequently, the Commissioner assessed a deficiency tax of $3,705, plus interest of $950.60, for the 1937 gifts. And relying upon the same theory, the Commissioner also assessed a deficiency tax of $1,500, plus interest, for additional gifts which Mrs. Mapes made to two of the same trusts in 1938 and which she also claimed were tax exempt under Section 504(b).

Mrs. Mapes died before the assessment of the deficiency taxes, so the Commissioner assessed the tax against plaintiff as transferee and donee of the gifts. Plaintiff paid the taxes and interest demanded in the sum of $6,462.60 and filed a claim for refund. The refund was denied, and plaintiff instituted this action to recover the amount which he paid plus interest from the date on which he paid it. He concedes that because Mrs. Mapes is deceased and he was the donee and transferee of the gifts, he is liable for the taxes if they are justifiable. He likewise concedes that the amount of the taxes assessed was correct if the Commissioner's theory for assessing the taxes is correct. In fact, the only question in dispute between the parties goes to the correctness of the Commissioner's theory for levying the deficiency taxes. Therefore, the sole issue of this case is: Were the transfers by Mrs. Mapes gifts of future interests?

The relevant parts of the trust instrument which conferred the gift upon Richard H. Thomson, one of the grandchildren, and which the parties agree is typical of the other trusts in question, provide:

"3. Except as herein otherwise provided, the entire net annual income from the trust estate shall be paid to the donor's grandchild Richard H. Thomson, in quarterly or other convenient installments as the trustees shall determine. Except as herein otherwise provided, in the event of the death of said Richard H. Thomson before the termination of this trust, the entire net income from the trust estate shall be paid to the children (including any adopted children) of said Richard H. Thomson in equal shares. * * * in the absolute discretion of such individual trustee the net income or any part thereof may be accumulated for any period and any accumulated income and the corpus of the trust estate may be encroached upon at such time or times and paid to said Richard H. Thomson or after his death, to the children of said Richard H. Thomson, in such amount or amounts, and in such proportions, as the individual trustee in his uncontrolled discretion shall elect. * * * All disbursements of income and all encroachments upon accumulated income or corpus of the trust estate may in the discretion of the individual trustee * * *, be made directly to said Richard H. Thomson, or, after his death, to his children or expended by the trustees for his or their support, education or maintenance. * * *

"4. This trust shall terminate when said Richard H. Thomson shall have attained the age of forty (40) years, and thereupon the entire trust estate remaining in the hands of the trustee shall be paid to him. In the event of the death of said Richard H. Thomson before attaining the age of forty (40) years, leaving a child or children (including any adopted child or children) him surviving, the trust shall continue until the expiration of twenty (20) years after the death of said Richard H. Thomson, or until the death of such child or the survivor of such children of said Richard H. Thomson, whichever event shall first occur, and shall then terminate. Upon the termination of this trust twenty (20) years after the death of said Richard H. Thomson, the entire trust estate remaining in the hands of the trustees shall be paid to the children of said Richard H. Thomson then living, or in case this trust shall terminate by the death of a child of said Richard H. Thomson, the entire trust estate remaining in the hands of the trustees shall be paid to the person or persons who, at the termination of the trust, would be the next of kin (under the laws of Minnesota then in force) of said Richard H. Thomson, in case said Richard H. Thomson had died at that time. In the event of the death of said Richard H. Thomson before attaining the age of forty (40) years, without child or children (including an adopted child or children) him surviving, the trust hereby created shall terminate and the entire trust estate shall be paid to the person or persons who, at the termination of the trust, is or are the

next of kin (under the laws of Minnesota then in force) of said Richard H. Thomson."

Treasury Department Regulation 79, Article 11 (1936 Ed.), provides in part with respect to Section 504(b):

" * * * 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time."

The validity of this regulation has been recognized in Helvering v. Hutchings, 1941, 312 U.S. 393, 61 S.Ct. 653, 75 L.Ed. 909; United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; and Ryerson v. United States, 1941, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917. The specific legal question in the instant case, therefore, as counsel recognize, is whether the beneficiary's use, possession, or enjoyment of his gift is limited to commence at some future time or date.

Both the United States Supreme Court and the Circuit Court of Appeals for the Eighth Circuit have answered the question affirmatively and denied the exemption allowable under Section 504(b) when the beneficiary's use, possession, or enjoyment of the property is conditioned upon the future occurrence of an event or an act. United States v. Pelzer, supra; Ryerson v. United States, supra; French v. Com'r of Int. Rev., 8 Cir., 1943, 138 F.2d 254; Smith v. Com'r of Int. Rev., 8 Cir., 1942, 131 F.2d 254. In determining if the beneficiary's use, possession, or enjoyment is so conditioned, the courts look to the donor's intent as evidenced by the trust instrument. Smith v. Com'r of Int. Rev., supra; French v. Com'r of Int. Rev., supra. Because of this approach, each case must necessarily turn on its own facts. Smith v. Com'r of Int. Rev., supra. Therefore, the factual question in the instant case is: Did Lydia Emma Mapes, the donor, intend that the beneficiary's use, possession, or enjoyment of the gift be conditional, or contingent, upon some future event or act?

Reference to Article Three and Article Four of the trust instrument seems to require an affirmative answer. Article Three provides:

"* * * in the *absolute discretion* of such individual trustee the *net income or any part* thereof *may be accumulated* for *any period* and any accumulated income and the corpus of the trust estate may be encroached upon at *such time or times* and *paid* to said Richard H. Thomson or after his death to the children of said Richard H. Thomson, in *such amount or amounts,* and in such proportions, as the individual trustee in his *uncontrolled discretion* shall *elect."* (Italics supplied.)

Article Four declares that the trust terminates when Richard becomes forty years old and that the trustee must then give him the remaining corpus and accumulated income. Certain provisions are made in both Article Three and Article Four that certain persons should receive the income and corpus in event of Richard's death before he becomes forty years old.

A consideration of these provisions which evidence the donor's intent seems to make it clear that they do not give Richard the right to presently enjoy the income or corpus. They permit him to do so only (1) if he lives until he is forty years old, or (2) if the individual trustee chooses to exercise his discretion and pay him all or part of the corpus and income before Richard becomes forty years old. These events may never happen. That is, he may die before he is forty, and the trustee may decide to accumulate all the income and, in his absolute discretion, may never give Richard any of the accumulated income or corpus prior to Richard's death. Consequently, the provisions seem to make Richard's enjoyment, use, and possession of his gift clearly contingent, or conditional, upon the occurrence of an event or an act and his interest a future one for which no deductions can be taken under Section 504(b).

Precedent seems to support this conclusion. The factual situations in United States v. Pelzer, supra, Ryerson v. Com'r of Int. Rev., supra, and French v. Com'r of Int. Rev., supra, seem collectively to contain substantially the fact situation in the instant case. The conclusions in those cases are consistent with, and require, the conclusions indicated. In the Pelzer case the court found that, according to the trust instrument therein, the beneficiary was not assured the use, possession, or enjoyment of the gift until ten years had elapsed and he was twenty-one years old. The Supreme Court held that his enjoyment, use, and possession of the gift was conditional, and therefore a gift for which the donor was not entitled to an exemption. In the instant case, Richard Thomson is not assured

of the use, possession, or enjoyment of the corpus or income until he is forty years old.

In the Ryerson case, the corpus of the 1933 trust was payable to the beneficiaries, as a practical matter at the discretion of the trustees, for the trustees could terminate the trust by agreement whenever they wished and then distribute the corpus to the beneficiaries. The same situation, as a practical matter, exists in the instant case, for the trustee may pay the corpus to Richard at his discretion. Speaking through now Chief Justice Stone, the Supreme Court in the Ryerson case held unanimously that, according to the trust instrument, the beneficiaries' gift was " * * * a gift upon a contingency which might never happen. For the reasons stated in our opinion in the Pelzer case those gifts were of future interests within the meaning of § 504(b) and consequently were not entitled to the benefit of the exclusion." Page 408 of 312 U.S., page 658 of 61 S.Ct., 85 L.Ed. 917. In the French case, like in the instant case, the trust instrument gave the trustee discretion to accumulate or not to accumulate the income. Our Circuit Court of Appeals held that such a grant of power to the trustee made the beneficiary's present use, enjoyment, and possession of the income conditional.

Plaintiff attempts to distinguish these cases. He points out that, in the Pelzer case and the Ryerson case, the beneficiary was certain not to receive the gift until (in the Pelzer case) he was twenty-one years old, and until (in the Ryerson case) the death of the settlor. In the instant case, he argues that Richard Thomson *may or may not* be required to wait for the income or corpus, depending upon the discretion of the trustee. Although this factual difference exists between the instant case and the Pelzer case, it should be noted that, in the Ryerson case, *two* trusts (one 1933 trust and one 1934 trust) existed. The 1933 trust was not terminable and distributable only if the donor died. As noted previously, it was terminable and distributable by agreement of the trustees.

Notwithstanding the factual difference noted, the Pelzer case really does not seem distinguishable in principle. In that case, the court rested its decision upon the congressional committee's statement that the exemption was available "only in so far as the donees are ascertainable." Page 403 of 312 U.S., page 661 of 61 S.Ct., 85 L.Ed.

913. That intent applies to the factual situation in this case. That is, we do not know for certain whether Richard or the remaindermen will receive the income and corpus and thereby be the real donee, for we do not know if the trustee will exercise his discretion in favor of Richard and we do not know whether Richard will live until he is forty years old.

In the French case, Judge Riddick said (page 257 of 138 F.2d):

" * * * The right to receive income was dependent upon the exercise of discretion by the trustee, and, so far as receipt of the income by any of the beneficiaries was concerned, was postponed until the happening of a future event which *may or may not* have occurred within the lifetime of any of the beneficiaries. The gifts were clearly gifts of future interests." (Italics supplied.)

Previously Judge Riddick had said (page 257 of 138 F.2d):

" * * * Unless the donee is entitled unconditionally to the present use, possession, or enjoyment of the property transferred, the gift is one of a future interest for which no exclusion is allowable under the statute. The decisions of the Supreme Court of the United States in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, leave no room for argument to the contrary. And see Commissioner v. Wells, 6 Cir., 132 F.2d 405; Welch v. Paine, 1 Cir., 120 F.2d 141; Fisher v. Commissioner, 9 Cir., 132 F.2d 383; Smith v. Commissioner, 8 Cir., 131 F.2d 254; and Commissioner v. Lowden, 7 Cir., 131 F.2d 127."

Consequently, plaintiff's distinction between the instant case and the Ryerson and Pelzer cases does not seem sound either in this Circuit or under the decisions of the United States Supreme Court. The question is whether the donee is entitled immediately and unconditionally to the use, possession, and enjoyment of the gift, and not, as plaintiff apparently contends, whether there is a possibility that the donee may get the present use, possession, and enjoyment of the gift.

Plaintiff relies primarily upon Smith v. Com'r of Int. Rev., 8 Cir., 131 F.2d 254. A careful reading of the case seems to indicate that the general rules which it enunciates cannot help the plaintiff herein. That case merely held that the settlor did not intend to give the trustee discretion as to

whether the beneficiary should receive the income, and that to that extent the trust instrument did not condition the beneficiary's use, possession, or enjoyment of the gift. The Smith case did not involve specifically the question as to whether the discretion of a trustee or his power to accumulate would condition the donee's present use, possession, or enjoyment of his gift. The trust instrument in that case provided that (page 255 of 131 F.2d):

" '(b) The said Trustee shall be and is empowered and *directed,* in his *sole discretion,* to use the principal and income * * * for the purpose of the education and preparation of said beneficiaries to attain and occupy an advantageous and desirable position in life.' " (Italics supplied.)

It also provided:

" 'Sixth: The Trustee is authorized and directed to expend any or all of the principal sum of said Estate, as in his *judgment and discretion* may be found necessary, for the personal care and maintenance of said beneficiaries herein * * *." (Italics supplied.)

It should be noted, however, that the court said (page 256 of 131 F.2d):

" * * * The discretion vested in the trustee was merely as to the means of executing the command of the settlor."

In other words, the trustee was required to educate the beneficiaries from the estate but could use his discretion as to where, how, etc. His discretion arose as to applying the money he was required to give the beneficiaries. The first beneficiaries of the trust were *sure* to receive the income every year. Consequently, the first and real beneficiaries were ascertainable immediately. Their receiving the gift was not conditional. The court distinguished the cases cited by the Commissioner upon the premise that those cases involved a situation in which the beneficiary's right to the present use, possession, and enjoyment were conditioned. The court made this distinction clear, stating (page 257 of 131 F.2d):

" * * * The evident purpose of the grantor in the Gardner case was to confer upon the trustee a power of maintenance which he might or might not exercise after investigation of the age and needs of the beneficiaries."

The court distinguished the Pelzer case in a similar manner, and reconciled its decision with these cases by pointing out that the settlor's intent, as shown by her dominant purpose, was the controlling factor, and consequently the cases must turn on their own facts.

In the instant case, Lydia Emma Mapes seems to have intended that the trustee should exercise his discretion in determining whether and when any money at all should be given Richard Thomson from the trust income or corpus. She does not require him to pay Richard the yearly income and grant to the trustee discretion merely as to the means of executing her command. Plaintiff emphasizes Article Three of the trust instrument creating the gift to Richard which provides that "except as herein otherwise provided, the entire net annual income from the trust estate shall be paid to the donor's grandchild Richard H. Thomson, in quarterly or other convenient installments as the trustees shall determine." But the apparent mandatory obligation placed upon the trustee to pay the net annual income to the beneficiary is modified by the phrase "except as herein otherwise provided." Clearly, by the express provisions of the trust instrument, it is provided "otherwise" when provisions of the same article permit the trustee in his discretion to accumulate the income for "any period," and a reading of the entire article indicates the "amount or amounts" of the corpus and income which are paid to the beneficiary and the "time or times" when they are paid is in the "uncontrolled discretion of the trustee." To accumulate money in the trustee's hands over the years, as the trustee has the power to do, and still consider the beneficiary as having received and enjoyed the money, seems more theoretical than real, particularly when it is not certain that the beneficiary will ever receive or enjoy the money thus accumulated. It seems clear, therefore, that, by the very terms of Article Three, the beneficiary's present receipt of the use, possession, and enjoyment of the income and corpus is conditioned upon the trustee's exercise of his discretion.

It follows, therefore, that in these trusts Lydia Emma Mapes conditioned the beneficiaries' enjoyment, use and possession of the income and corpus upon the occurrence of a future event or act. The interest, therefore, which the beneficiaries received from Mrs. Mapes was a future one within the meaning of Section 504(b) of the Revenue Act of 1932, and plaintiff is not entitled to the refund which he seeks by this action.

Plaintiff's motion for a summary judgment will be denied, and defendant's motion for a dismissal of the action on its merits and judgment in its favor will be, and is, granted. It is so ordered.

An exception is reserved to the plaintiff.