**WINTON v. REYNOLDS, Collector of Internal Revenue.**

No. 883.

District Court, D. Minnesota,
Fourth Division.

Oct. 24, 1944.

Fowler, Youngquist, Furber, Taney & Johnson, G. A. Youngquist, and Frederick W. Thomas, all of Minneapolis, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

JOYCE, District Judge.

This is an action to recover overpayment of gift taxes. The facts are stipulated. In 1937 David J. Winton, hereafter referred to as donor, made a gift of $5,110 to plaintiff, his wife. In the same year he created and made gifts to three trusts for the benefit of his minor children. In his gift tax return he claimed and was allowed an exclusion of $5,000 for each of the four gifts under section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585, which provided: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not * * * be included in the total amount of gifts made during such year."

Following the decision of the Supreme Court in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, the Commissioner of Internal Revenue reaudited donor's 1937 return and disallowed the exclusions for the three trusts on the ground they were future interests in property.

In 1935 and 1936 donor had also made substantial gifts to each of three trusts created in 1935 for the benefit of the minor children and was allowed a $5,000 exclusion for each gift. Upon re-audit of the 1937 return, the Commissioner disallowed these exclusions, taking the position they were likewise gifts of future interests in property. Section 505 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 586, allows as a deduction in computing the net gifts for any calendar year, a specific exemption less the aggregate of amounts claimed and allowed as exemptions in previous years. Donor had exhausted this specific exemption, so the disallowance of these exemptions in computing the net gifts for the purposes of the 1937 return increased the taxable "net gifts" for that year and had the effect of further increasing the deficiency by $1,529.79. The Commissioner determined the total deficiency to be $3,536.28. As the period within which assessment could be made against the donor had expired, he notified the trustee and plaintiff, as donee and transferee, that he proposed to assess each for the deficiency. It is stipulated that donor was solvent and able to pay the tax during the period which assessment could have been made against him.

Plaintiff paid the deficiency and interest under protest. She filed a claim for refund which was rejected, and now seeks to recover $4,340.78, the amount paid. Her contentions are: (1) That continued solvency of the donor precludes liability on her part as transferee; (2) that she is not liable as donee under section 1009 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1009 (Section 510 of the Revenue Act of 1932); (3) that the gifts to the 1937 trusts were not gifts of future interests in property; (4) that even if the gifts to the 1935 trusts were such gifts of future interests, the Commissioner cannot by disallowing exclusions previously granted increase the amount of net gifts in his computation of the tax for 1937 and thereby increase the deficiency for that year.

The Commissioner's position is that as the gift tax was not paid by the donor when due, plaintiff, as donee-transferee, is personally liable for the tax to the extent of the gift received by her irrespective of the solvency of the donor.

1. The question must be resolved in the light of the following statutes (all subsequent references by section number refer to the Revenue Act of 1932 unless otherwise specified):

Sec. 510. "The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift."

Sec. 526(a) (1) provides for the enforcement of "the liability, at law or in equity, of a transferee of property of a donor, in respect of the tax * * * imposed by this title."

Sec. 526(b) (1). "The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) within one year after the expiration of

the period of limitation for assessment against the donor."

Sec. 526(f). "As used in this section the term 'transferee' includes donee, heir, legatee, devisee and distributee."

Nowhere does the statute condition the liability of the donee or transferee upon the solvency of the donor. Plaintiff contends that Section 526(a) (1), Sec. 1025 (a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1025(a) (1), was modeled after similar provisions in the Revenue Act of 1926 pertaining to estate and income taxes and cites congressional committee reports and decisions of the Board of Tax Appeals that such has been the construction of those sections. To me, the language of the statute above quoted is clear and unambiguous. A lien is imposed upon all gifts and, if the tax is not paid, the donee of any gift in that calendar year is personally liable to the extent of the gift received. When the words of a statute are unambiguous there is no room for construction and it must be literally enforced. This rule applies with special force to a statute imposing internal revenue taxes. Minnesota Tea Co. v. Commissioner, 8 Cir., 76 F.2d 797, affirmed 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284.

For the purposes of this case it may be conceded that solvency of the donor precludes liability in equity on the part of the donee, but I cannot escape the conclusion that there is a liability at law within the meaning of Section 526(a) (1). The liability of the donor is primary and that of the donee secondary. Fletcher Trust Co. v. Commissioner, 7 Cir., 141 F.2d 36. But it does not follow that the donee's liability is coterminous with the donor's and expires when the statute of limitations has run against the latter. Section 526(b) (1) expressly provides that the period of assessment against a transferee shall be "within one year after the expiration of the period of limitation for assessment against the donor." To construe the statute as contended for by plaintiff, would seem to render this section meaningless. Fletcher Trust Co. v. Commissioner, supra. This precise question was decided in Evelyn N. Moore v. Commissioner, Nov. 12, 1942, 1 T.C.R. 14, where it was said: "Not only is there no statutory support for the petitioner's contention that her liability ceased when the statute ran against collection from the donor, but the statute clearly indicates that no such exception was intended. It is not for this Court to reason why Congress gave this extra year for assessment and collection against the donee, or to determine whether or not that was done inadvertently. It is enough that the Commissioner has been given this extra year by the clear provisions of the statute."

In that case Mellott, J., dissented principally upon the ground that Section 526(f), which defines transferee to "include" donee, should not be construed to permit collection of the tax against any donee. It is his position that the personal liability of the donee under Section 510 is conditioned upon the insolvency of the donor, and if the latter is solvent the liability of the donee terminates at the same time as the liability of the donor. He thinks it was not the intent of Congress to create a legal liability on the donee-transferee by such a "circuitous method". Plaintiff here advances the same argument. However, I agree with the majority in the Evelyn Moore case that Congress has created such a liability and that the extended period of limitation is applicable to donees as to other kinds of "transferees" defined in Section 526(f). This view is now supported by Baur v. Commissioner, 3 Cir., 145 F.2d 338, where the court said: "In the instant case, the liability which the Commissioner has imposed upon the petitioner is manifestly a legal liability. It arises by virtue of the positive statutory imposition of Sec. 510. * * * Such being the case, it is wholly immaterial to the enforcement of the legal liability whether the transfers rendered the donor insolvent or whether he remained solvent during the period of his enforceable liability for the tax. * * *"

As the tax here was assessed against plaintiff within the one year period prescribed by Section 526(b) (1), the Commissioner is not barred from proceeding against plaintiff as donee-transferee.

2. There is no dispute that the donor was entitled to the exclusion on the gift to plaintiff and that the tax on the net ($110) has been paid. The question arises whether or not such a donee-transferee can be held liable for the unpaid tax on collateral gifts by the same donor to other donees. Section 510 provides: "The tax imposed by this title shall be a lien upon all gifts made during the calendar year, * * *. If the tax is not paid when due, the donee of any gift shall be personally liable * * *."

568

(Italics supplied.) This language seems clear and unqualified. The word "taxable" should not be read into the statute before the words "gifts" and "gift", as would be the effect if plaintiff's contention were adopted. The language of Section 504(b) itself precludes such a result. It reads: "the first $5,000 * * * shall not, *for the purposes of subsection (a)* [which defines net gifts], be included in the total amount of gifts made during such year." (Italics supplied.) It does not seem that the exclusions can be extended for any other purpose, particularly to Section 510 where the words "all" and "any" are used without qualification. This was the interpretation given to Section 510 in Baur v. Commissioner, supra, where it is said the words of this section "are so plain as not to leave any room for doubt that it was the congressional intent, thereby to render a donee personally liable (to the extent of the value of the gift) for the gift tax due by the donor regardless of the fact that the gift to the particular donee did not contribute to the imposition of any tax."

I agree with this view and that plaintiff is liable for the unpaid tax on gifts to others in the same calendar year although there is no tax due on the gift to her.

■ 3. The three 1937 trusts are similar. The beneficiary of each is a minor child of the donor. They provide that the trustees must accumulate the income from the estate during the minority of the beneficiary. After attaining majority the beneficiary is to receive the income until he is twenty-six, at which time the trust terminates and he receives the principal. The trustees have the right to terminate the trust at any time. If the beneficiary should die before the trust terminates, the fund is payable to certain designated persons.

The question is whether gifts to such trusts are gifts of "future interests in property" within the meaning of Section 504(b). If so, they are not entitled to an exclusion. This question, of what is such a future interest, has given rise to considerable litigation. See annotations in 133 A.L.R. 1005, 141 A.L.R. 463. It may be that as Section 504(b) was amended by Section 505 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev. Acts, page 586, to withdraw the exclusion from all gifts in trust, whether of future interests or not, this flood of litigation will be dammed.

Article XI of Treasury Regulations 79, 1936 edition, interpreting Section 504(b), declared future interests include any estate "whether vested or contingent, limited to commence in use, possession or enjoyment at some future date or time." The Supreme Court has held these regulations within the competence of the Treasury Department. United States v. Pelzer, 312 U.S. 399, 61 S. Ct. 659, 85 L.Ed. 913. Our Circuit Court of Appeals has said: "Unless the donee is entitled unconditionally to the present use, possession, or enjoyment of the property transferred, the gift is one of a future interest for which no exclusion is allowable under the statute." French v. Commissioner, 8 Cir., 138 F.2d 254, 257.

The Supreme Court in United States v. Pelzer, supra, and in Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, leaves no doubt but that this is the correct test.

In the case at bar, the beneficiaries have no right to the possession or enjoyment of the income or principal of the trust estate *unless* (1) they reach the age of 21, or (2) the trustees terminate the trust. Neither of these events may occur. The beneficiaries may die in their minority and the trustees may elect not to terminate the trust. The beneficiaries' interests are clearly contingent upon the happening of events in the future and are "future interests" within the meaning of section 504(b). See Thomson v. Reynolds, D.C., 54 F.Supp. 409, decided in this district February 25, 1944.

■ 4. For the same reasons given above, the gifts to the 1935 trusts were likewise gifts of future interests in property. The Commissioner disallowed the exclusions on these gifts, not in a re-audit of the return for that year, but in computing the taxable net gifts for the year 1937. The applicable statute is Section 1004(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1004(a) (1), which provides, in computing net gifts, for a specific exemption "less the aggregate of the amounts claimed and allowed as specific exemptions in the computation of gift taxes" for preceding years. The applicable regulation (79 1936 Ed. Art. 5) provides: "By the words 'aggregate sum of the net gifts for each of the preceding calendar years' (aside from the amount of the specific exemption deductible) is meant *the true and correct aggregate of such net gifts, not necessarily that returned for such years and in*

*respect to which tax was paid."* (Italics supplied.)

Even though the statute of limitations bars the Commissioner from re-auditing the 1935 return, this regulation clearly gives him authority to disregard allowances erroneously granted in that year when computing the aggregate net gifts in preceding years in his determination of the tax due in 1937. This is the view taken by the Board of Tax Appeals and the Tax Court in Winterbotham v. Commissioner, 46 B.T.A. 972; Goodhart v. Commissioner, T.C.Dec. No. 13,279 (CCH), and Disston v. Commissioner, T.C.Dec. No. 12,959. The Disston case was reversed on appeal, 3 Cir., 144 F.2d 115, on other grounds without passing on this question, but in his dissent Biggs, C. J., adhered to the view of the cases cited above.

In the face of the language of the Regulation, which the Supreme Court has said is within the competence of the Treasury Department, United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and the decisions directly in point, I cannot escape the conclusion that the Commissioner's action cannot be disturbed.