Clement J. DUFFEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Alice M. DUFFEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 4–59 Civ. 10, 11.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 17, 1960.

766

John A. Murray and John C. Johanneson, of Maun, Hazel & Busch, St. Paul, Minn., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, David A. Wilson, and Jack F. Blair, Attys., Dept. of Justice, Washington, D. C., and Fallon Kelly, U. S. Atty., and Hyam Segell, Asst. U. S. Atty., St. Paul, Minn., for defendant.

NORDBYE, District Judge.

The taxpayers, Clement J. Duffey and his wife, have each brought an action against the Government to recover federal gift taxes paid pursuant to deficiency assessments for the year 1954. These actions arise out of the Commissioner's treating the interests of certain beneficiaries under trusts established by one of the taxpayers as being future interests and not subject to the $3,000 annual gift tax exclusion permitted by 26 U.S.C. § 1003(b)(3), Internal Revenue Code of 1939.

It is undisputed that on December 30, 1954, Clement J. Duffey transferred stock to certain trustees to hold in trust for his two minor children, each being the beneficiary of a separate trust. The relevant portion of the trust instrument provides:

"Article III

"In each of said trusts the Trust Estate and the income therefrom may, in the sole discretion of the Trustees, be expended for the benefit of the beneficiary of said trust * * * at any time before the beneficiary shall attain the age of twenty-one years. Any part of the Trust Estate and the income therefrom not so expended by the Trustees shall pass to and shall be paid out and delivered by the Trustees to the beneficiary upon the beneficiary attaining the age of twenty-one years, and in the event that the beneficiary shall die before attaining the age of twenty-one years, the Trust Estate and the income therefrom not so expended shall be payable and shall be paid out and delivered by the Trustees to the estate of the beneficiary."

In their gift tax returns for the year 1954, the taxpayers elected to treat the transaction for tax purposes as being made one-half from each as they are allowed to do under the Internal Revenue Code. They further treated the transfer as creating only present interests and thereby entitling them to the annual gift tax exclusion pursuant to Section 1003 (b)(3), Internal Revenue Code of 1939. The Commissioner, treating the transfer of stock as creating only future interests, subsequently assessed deficiencies which were paid by the taxpayers. The taxpayers now bring this suit for a refund of those payments. Both the Government and the taxpayers move for partial summary judgment pursuant to Rule 56 (d), Federal Rules of Civil Procedure, 28 U.S.C.

It will be noted that the transfer of the trust property occurred within but two days of the effective date of the Internal Revenue Code of 1954 in which express provision has been made for the type of transaction involved herein. But, of course, the prior law must control, and Section 2503(c) of the 1954 Code, 26 U.S.C.A. § 2503(c), cannot assist the taxpayers in these suits. The applicable statute provides:

"*Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the pur-

poses of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C. § 1003 (b)(3), 56 Stat. 953 (1942).

■■■ Although the trust instrument does not specifically state what should be done with the trust income before the termination of the trust in the event the trustees do not exercise their discretion to expend it for the benefit of the beneficiaries, it seems clear that the income must be accumulated and distributed upon the termination of the trust in that provision is made for "income not so expended" at the time. The beneficiaries cannot look to the use or enjoyment of the trust income or corpus until the trust terminates or the trustees exercise their sole and absolute discretion. It is possible that the trustees may never exercise their discretion to distribute income or corpus and it is inherent in the trust that their termination must be at some future time. It is even possible that, upon the termination of the trust, the named beneficiaries may not be alive to receive the trust property. The presence of these contingencies before the beneficiaries may realize anything upon their interests establishes, for the purposes of the federal gift tax laws, that those interests are properly denominated "future" as opposed to "present". The taxpayers labor to establish the number of "present" qualities indicated in the interests created by the trust, but it is the presence of future happenings or contingencies inherent in a donee's interest that establish its proper characterization.

That the beneficiaries' interests in the trust property herein are properly denominated or characterized as "future" is well settled by federal court decisions. In La Fortune v. Commissioner, 10 Cir., 1958, 263 F.2d 186, the beneficiaries under certain trusts were to receive income annually and the corpus upon their attaining the age of twenty-one. In some instances, the trustees had the power to terminate the trusts in their sole discretion; thus they could, in effect, distribute the earned income and the corpus

at will. But the court there held that the beneficiaries under all the trusts had only "future interests" in the trust property and the settlor-donors were not allowed the gift tax exclusions. In French v. Commissioner, 8 Cir., 1943, 138 F.2d 254, trustees could, in their sole and absolute discretion, accumulate or disburse trust income before the termination of the trusts which were to terminate when the beneficiaries were under no legal disability (i. e., reached their majority). The Court of Appeals for this Circuit there held that the beneficiaries' interests were future only. And in Thomson v. Reynolds, D.C.D.Minn.1944, 54 F. Supp. 409, this Court held that where beneficiaries were entitled to receive trust income or corpus upon their attaining the age of forty unless the trustees earlier distributed, which they had discretion to do, the beneficiaries' interests were future in that the inherent contingencies precluded present use or enjoyment of the trust property. None of the above-cited cases are distinguishable from the case at bar. Accord, Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L. Ed. 1720; Fondren v. Commissioner, 1945, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668; Ryerson v. United States, 1941, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917; United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Winton v. Reynolds, D.C.D.Minn.1944, 57 F Supp. 565; U.S.Treas.Reg. 108 § 86.11 (1952).

■ The taxpayers argue that the beneficiaries' interests could be presently sold; therefore, the proceeds that could be received represent present interests upon which a gift tax exclusion may be taken. However, the unknown factor of the trustees' discretion to make disbursements strongly negatives any possibility of evaluating the beneficiaries' interests. Moreover, a present interest denotes, as stated above, a present right to realize, enjoy or use the donated property. It has no relation to proceeds which may be received indirectly by virtue of a theoretical sale or assignment of rights to

property which may or may not be received *in futuro*.

 It follows from the foregoing that defendant is entitled to a summary judgment that there is no genuine issue of a material fact as to the claim of plaintiffs to a $3,000 annual gift tax exclusion for the year 1954 under Section 1003 of the Internal Revenue Code of 1939, and therefore

It Is Ordered: That defendant's motion for partial summary judgment is granted and plaintiffs' motions for partial summary judgment are denied.

An exception is reserved.