Argued January 25, affirmed March 16, petition for rehearing denied April 18, petition for review denied June 13, 1972

SWIGERT, *Appellant, v.* STRAUB (No. 344-804), *Respondent.*

SWIGERT, *Appellant, v.* DEPARTMENT OF REVENUE (No. 358-702), *Respondent.*

494 P2d 888

*Borden F. Beck, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Steven R. Schell, and Black, Helterline, Beck & Rappleyea, Portland.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and G. F. Bartz, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

In 1955, plaintiff created five irrevocable trusts, one for each of his five grandchildren. Other than the names of the beneficiaries, the terms of the trusts are identical. Plaintiff made gifts to the trusts in 1955, 1956, 1957, 1958, 1963, 1964 and 1965, and claimed an annual gift tax exclusion for each trust in each of those years. All grandchildren were minors during this period.

The State Treasurer notified plaintiff of gift tax deficiencies for the gifts made between 1955 and 1964. The Department of Revenue, which succeeded

the State Treasurer as administrator of the gift tax, determined a deficiency for the 1965 tax year.

Plaintiff then filed complaints in circuit court pursuant to ORS 119.270.[1] The cases were consolidated in the trial court and are consolidated on appeal. There is no challenge as to the effectiveness of the gifts. The sole issue in the trial court and on appeal is whether the gifts were gifts of a present as distinguished from gifts of a future interest under the provisions of the statutes in effect at the time the gifts were made.[2]

■ The trial court found that the beneficiaries did not receive present as distinguished from future interest and therefore that the donor-plaintiff was not entitled to gift tax exclusions. We affirm.

Oregon's first gift tax statute was enacted in 1933. It allowed a $1,000 annual exclusion per donee for gifts "* * * other than of future interests in property * * *." Oregon Laws 1933, Spec Sess, ch 427, § 4(b), p 730.

In 1937, the annual exclusion was increased to $5,000 for gifts to a grandchild and the wording was changed to "[e]xcept as to gifts of future interests in property * * *." Oregon Laws 1937, ch 250, § 1(b), p 356.

---

[1] ORS 119.270 provided:

"(1) The determination of any deficiency by the Director of the Department of Revenue may be reviewed in the circuit court by a complaint filed by the donor, or any one interested therein, in the county in which the donor resides, or, in the case of a nonresident donor in the county in which the property comprising the gift is located, within 60 days after notice of the determination of the deficiency has been given as provided in ORS 119.250 * * *." (*Amended,* Oregon Laws 1971, ch 567, § 12, p 1006.)

[2] Currently ORS 119.031.

The statute was amended again in 1943⑧ and 1959,⑨ but the relevant portion of the statute remained the same from 1937 until 1965.⑩

The trust instruments provided that each trust would terminate when the named beneficiary became 21 years old and that accumulated income and *corpus* would be distributed to the beneficiary at that time. If the beneficiary died before age 21, the trust *res* was to be distributed to whomever the beneficiary had designated under a general power of appointment; or, if he had not exercised the power, the *res* was to go to his estate. Each beneficiary exercised his power of appointment in 1962.

So far as current income was concerned, the trusts had the following provision:

"4. The Trustees shall hold, manage, administer and distribute the Trust Property and income therefrom as follows:

"(a) The net income of the Trust, after provision is made for taxes and all other costs and expenses incident to the operation and maintenance of said Trust, shall be accumulated until said * * * shall have reached the age of twenty-one (21) years at which time this Trust shall terminate and all the Trust Estate, including all principal and all current and accumulated income, shall be distributed to said * * * outright and absolutely, subject, however, to any encumbrances theretofore created by the Trustees on any property constituting part of said Trust Properties; provided, however, the Trust-

---

⑧ Oregon Laws 1943, ch 462, pp 716-17.

⑨ Oregon Laws 1959, ch 419, § 5, p 683.

⑩ We note that under the provisions of ORS 119.031 as enacted in 1965, the trusts at issue here probably qualify for a gift tax exclusion and would probably also so qualify under federal law, Int Rev Code of 1954, § 2503(c).

ees may at any time expend such part or all of the current and accumulated income and principal of the Trust for the maintenance, support, education and benefit of said * * * as the Trustees in their sole discretion shall deem necessary or desirable.

"* * * * * *."

This is a case of first impression in Oregon. In reaching our conclusion, we have considered the decisions of the federal courts. Section 4(b) of the first Oregon gift tax statute (Oregon Laws 1933, Spec Sess, ch 427, § 4(b), p 730), which provides for the annual exclusion, was copied verbatim from the Gift Tax Act of 1932, ch 209, § 504(b), tit III, 47 Stat 247, with the exception that Oregon limited the annual exclusion to $1,000 per donee while the federal statute allowed a $5,000 annual exclusion.

For a while some authorities appeared to doubt whether a gift in trust to a minor could ever confer a present interest because of the disabilities inherent in minority status. *See,* Polisher and Aaron, *Herr opens way to exclusion for minor's income interest in a short-term trust,* 15 Journal Taxation 41 (1961); Lowndes and Kramer, Federal Estate and Gift Taxes 773 (1956); Fleming, *Gifts for the Benefit of Minors,* 49 Mich L Rev 529, 562 (1951).

The United States Supreme Court, however, decided that the statute does not distinguish between gifts to adults and minors and that the test is always whether the beneficiary has a

"* * * right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins * * *." *Fondren v. Commissioner,* 324 US 18, 20, 65 S Ct 499, 89 L Ed 668 (1945).

Lower federal courts subsequently delineated two main areas where gifts in trust to minors qualified as present interests: (1) where the trustee is required to expend income, *Commissioner of Internal Revenue v. Sharp*, 153 F2d 163 (9th Cir 1946); and (2) where the beneficiary or his guardian could terminate the trust at any time by written demand, *Kieckhefer v. Commissioner of Internal Revenue*, 189 F2d 118 (7th Cir 1951).

■ Under the terms of the trusts involved here, all net income is to be accumulated except when the trustees, in their sole discretion, decide to disburse funds. The words "maintenance, support, education, and benefit" qualify the purposes for which the trustees can distribute funds and do not set standards under which the trustees are obligated to act. Neither the beneficiaries nor their guardians are given any right to demand funds or terminate the trusts. In addition, by general rule, beneficiaries of discretionary trusts have no power to secure the aid of a court to compel a trustee to distribute funds or apply any part of such trusts in their behalf. Bogert, Trusts and Trustees 717, § 228 (2d ed 1965); *see, Rowe v. Rowe et al*, 219 Or 599, 605, 347 P2d 968 (1959).

The fact that there was a possibility from the time the trusts were created that the trustees might decide to distribute funds is not sufficient to confer any right in the trust *res* that can be considered a present interest.

■ The plaintiff urges us to find a present interest on the theory that the trust instrument taken as a whole gave the trustees the same powers and duties with regard to the use of the trust assets that they would have had if they held the assets as guardians

of the beneficiaries. In support of this argument he cites *Beatrice B. Briggs,* 34 T C 1132 (1960), where outright gifts were made to legally appointed guardians, and two cases which turned on a North Carolina law which required the appointment of guardians to handle minors' property, *United States v. Baker,* 236 F2d 317 (4th Cir 1956); and *Cannon v. Robertson,* 98 F Supp 331 (WD NC 1951).

We find it difficult to follow the reasoning in cases cited by plaintiff, but we do not construe them as supporting plaintiff's contention. In any event, we are convinced that the principles enunciated in *Fondren v. Commissioner,* supra, are sound. *See also, Commissioner of Internal Revenue v. Disston,* 325 US 442, 65 S Ct 1328, 89 L Ed 1720, 158 ALR 166 (1945); *La Fortune v. C.I.R.,* 263 F2d 186, 190 (10th Cir 1958); *Rassas v. Commissioner of Internal Revenue,* 196 F2d 611 (7th Cir 1952); *Duffey v. United States,* 182 F Supp 765 (D Minn 1960); *William Goehner,* 28 T C 542 (1957).

While the same person may be both trustee and guardian, the assets held by that person in his role as trustee are subject to far less control by the beneficiary or by the court on behalf of the beneficiary than those assets held by that person in his role as guardian. See, *Bogert,* supra.

Affirmed.