## BAUR v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8595.

Circuit Court of Appeals, Third Circuit.
Argued June 23, 1944.
Decided Sept. 21, 1944.

Rehearing Denied Nov. 16, 1944.

Thorpe Nesbit, of Philadelphia, Pa. (Hugh Satterlee, of New York City, on the brief), for petitioner.

Helen Goodner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BRATTON and JONES, Circuit Judges, and KIRKPATRICK, District Judge.

JONES, Circuit Judge.

The questions raised by the pending petition for review are (1) whether the donee of a gift of untaxable amount is personally liable, to the extent of the value of the gift, for an unpaid tax on a gift to another donee made by the same donor in the same calendar year and (2) whether such liability, if it exists, may be enforced against the donee, as a transferee, after the statute of limitations has run against the donor's liability, in the absence of proof that the donor was insolvent or that the gratuitous transfers made the donor insolvent.

The questions relate to the Revenue Act of 1932, 47 Stat. 169, c. 209, 26 U.S.C.A. Int.Rev.Acts, page 585 et seq. The facts, under which they arise, were stipulated and, so far as they are presently material, are as follows:

In 1937 Emma M. Baur made three gifts, in securities, of a value of $5,000 each. One gift was to her daughter, the petitioner, personally, the second to another

daughter personally and the third to the petitioner as trustee under a deed of trust, executed in 1935, for the benefit of a minor daughter. In the donor's gift tax return for the year in question she reported the three gifts, claimed a $5,000 exclusion with respect to each and showed no net gifts subject to tax. The period within which a tax could be assessed against the donor on account of her gifts in 1937 expired by virtue of the statute of limitations on March 12, 1941, without any such liability on the part of the donor having been determined. However, within a year thereafter, viz., on March 12, 1942, the Commissioner sent the petitioner a notice by registered mail informing her of a deficiency in the donor's gift tax for the year 1937 because of the disallowance of the $5,000 exclusion for the gift in trust which the Commissioner held to be a gift of a future interest. See Sec. 504 (b) of the Act. The petitioner now concedes that the Commissioner's determination of the taxability of the gift in trust was correct. The Commissioner's notice was addressed to the petitioner as donee and transferee of Emma M. Baur, donor, and determined a deficiency against the petitioner for the later ascertained gift tax due by the donor for the year 1937 which remained unpaid. On the taxpayer's petition for a redetermination of the deficiency the Tax Court sustained the Commissioner both as to the petitioner's liability for the tax and the manner of enforcing it.

In presently material part, Sec. 510 of the statute provides that,—

"The tax imposed by this title shall be a lien upon *all* gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of *any* gift shall be personally liable for such tax to the extent of the value of such gift. * * *" (Emphasis supplied.)

█ The words of the provision above quoted are so plain as not to leave any room for doubt that it was the congressional intent, thereby to render a donee personally liable (to the extent of the value of his gift) for the gift tax due by the donor regardless of the fact that the gift to the particular donee did not contribute to the imposition of any tax. In short, it is the evident legislative intent that property passing from an owner to a voluntary recipient by way of donation shall be liable for any taxes due by the donor on account of his gratuitous distributions within the calendar year. We can see no escape from this conclusion. Patently, the tax imposed upon the donor by the Act is made a lien upon *all* gifts (not just the gifts subject to tax) made during a calendar year; and, if the tax so imposed is not paid when due, the donee of *any* gift (again not just gifts subject to tax) is made personally liable for the tax due by the donor to the extent of the value of such donee's gift. The latter is the only limitation in amount which the statute places upon a donee's liability for gift tax due by his donor.

█ It has often been said with respect to statutory enactments that a court is not at liberty to construe what needs no construction or to resort to reports of congressional committees for the meaning of language which is neither ambiguous nor doubtful. E. g. Helvering v. City Bank Farmers Trust Co., Trustee, 296 U.S. 85, 89, 56 S.Ct. 70, 80 L.Ed. 62. In such circumstances, it is a court's primary duty to apply the legislative intent in accordance with the clear and unmistakable terms of the statute. So doing in the instant case, it follows that the petitioner, as a donee, was liable, to the extent of the value of her gift, for the gift tax due by the donor for the year 1937. Admittedly, that tax was not paid by the donor when due. As the value of the gift to the petitioner exceeded the amount of the unpaid gift tax due by the donor, the Tax Court was warranted in sustaining the Commissioner's determination of the petitioner's liability.

Even if resort be had to the reports of the appropriate committees of Congress with respect to the gift tax provisions of the Revenue Act of 1932, as the petitioner urges in support of her argument, we fail to see wherein the legislative history supports the contention that it is only donees of gifts which contribute to the donor's liability for tax who are made liable for the tax. The reasons given to the Houses of Congress by their respective Committees in justification of the exclusion relate to the relief of the donor from tax upon certain gifts and have nothing to do with the several liabilities of the donor and his donees for gift taxes which the donor does owe.[1]

---

[1] See report of House Committee on Ways and Means No. 708, 72nd Cong., 1st Sess., pp. 29–30 (1939–1 Cum. Bull. (Part 2) 457, 478), and report of Senate Committee on Finance No. 665, 72nd Cong., 1st Sess., p. 41 (1939–1 Cum. Bull.

If our conclusion as to the petitioner's liability for the tax in the present circumstances leads to rendering the donee of a gift of relatively small value liable, to the extent of the value of his gift, for gift taxes due by the donor, the answer is that any change in that situation is a matter for Congress and not for the courts.

The petitioner also points out that, as a donor is under no duty, see Sec. 507 (a) of the Act, to report a gift of $5,000 or less, ordinarily donees of such gifts will not be ascertainable for imposition of the liability incident to the gift tax due by the donor. At most, that argument poses an administrative difficulty which furnishes no justification for ignoring the plainly expressed legislative intent with respect to a donee's liability for tax. In the present instance, both the donor and the petitioner reported the gift, so that the difficulty, which the petitioner apprehends, is not present here in any event. The question of the petitioner's liability for the tax should therefore not be confounded by it.

As to the method of collecting the tax due by a donee, Sec. 526 (a) of the Revenue Act of 1932, which treats with transferred assets, provides that,—

"The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title * * *:

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax * * * imposed by this title. * * *"

Sec. 526 (f) defines the term "transferee" as including a "donee, heir, legatee, devisee, and distributee."

Sec. 517 (a) prescribes the period within which the taxes imposed by the Act may be assessed as being three years after the filing of the return. This limitation obviously has to do with the donor's liability for the tax as it is the filing of his return which begins the running of the three year period of limitations. Moreover, Sec. 526 (b) (1) fixes the period of limitation against assessment of a donee's liability, as a transferee, at one year from the expiration of the period of limitation for assessment against the donor.

While the liability of a transferee made subject to the method of collection prescribed in Sec. 526 (a) may be either a liability at law or in equity, it is immaterial what the liability may be in equity when the liability sought to be enforced is a liability at law. In the instant case, the liability which the Commissioner has imposed upon the petitioner is manifestly a legal liability. It arises by virtue of the positive statutory imposition of Sec. 510. See Fletcher Trust Co. v. Commissioner, 7 Cir., 141 F.2d 36, 40. Such being the case, it is wholly immaterial to the enforcement of the legal liability whether the transfers rendered the donor insolvent or whether he remained solvent during the period of his enforceable liability for the tax. That such matters would be of bearing if the liability sought to be enforced was in equity, is wholly without significance to the enforcement of the donee's liability at law. See Moore v. Commissioner, 1 T.C. 14. The cases cited by the petitioner where the liability sought to be imposed was in equity are obviously, therefore, not in point. The Commissioner's deficiency notice to the donee having been mailed within a year after the expiration of the period of limitations applicable to assessment of the donor, it follows that the notice to the donee was timely. Fletcher Trust Co. v. Commissioner and Moore v. Commissioner, supra.

The decision of the Tax Court is affirmed.

(Part 2) 496, 525–526). Both Committee reports, in treating with the exclusion (which was raised from $3,000 to $5,000 in the Senate), said that "Such exemption, on the one hand, is to obviate the necessity of keeping an account of and reporting numerous small gifts, and, on the other hand, to fix the amount sufficiently large to cover in most cases wedding and Christmas gifts and occasional gifts of relatively small amounts."