## MOORE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1945.

Courtland Kelsey, of New York City (Whitney North Seymour and Richard D. Duncan, both of New York City, of counsel), for petitioner.

Henry Maynard Kidder, of New York City (Gove B. Harrington, of New York City, of counsel), amicus curiae.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key, Helen R. Carloss, and Helen Goodner, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from the Tax Court of the United States which imposed a tax of $104,864.73 upon Evelyn N. Moore, a transferee of her husband Edward S. Moore, for a deficiency to that amount in gift taxes due from him in the year 1935.

During the year 1935 Edward S. Moore made taxable gifts of securities to the petitioner Evelyn Moore of the value of $410,500. On March 11, 1936 he filed a gift tax return with the Collector and paid the amount of the tax therein shown to be due. Although the donor has always been financially able to satisfy any deficiency in gift taxes for 1935 the Commissioner never made an assessment against him with respect to his liability for gift taxes for that year but assessed the taxes against his transferee, in spite of the fact that the three year statutory period for determining any deficiency against him had expired on March 11, 1939. On February 20, 1940 the Commissioner sent a notice to the petitioner of her alleged liability as a transferee of the property of her husband. In determining her tax deficiency he made no change in the gifts of the donor in 1935, but found the 1935 gifts subject to higher rates of tax because there were increases in gifts over those he had reported for prior years, and assessed the deficiency of $104,864.73 accordingly. This assessment by the Commissioner was sustained by the Tax Court. We think that its decision was required by the terms of the Revenue Act and should be affirmed.

The petition for review by the taxpayer raises three questions:

1. Whether the assessment against her is barred by the statute of limitation.

2. Whether she ever became personally liable for any gift tax.

3. Whether if any gift tax was due the amount of her tax should be applied to reduce the value of the gift to her.

Section 510 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 1009, provided as follows:

"Sec. 510. Lien for tax.

"The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. * * *"

Section 517, 26 U.S.C.A. Int.Rev.Code, § 1016, fixes the period of limitation upon assessment and collection in 517(a) thus:

"(a) General rule. Except as provided in sub-section (b), the amount of taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed."

Section 526, 26 U.S.C.A. Int.Rev.Code, § 1025, contains the following provisions as to "Transferred Assets":

"(a) Method of Collection. The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title * * *

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title.

*   *   *   *   *

"Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

"(b) Period of Limitation. The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

"(1) Within one year after the expiration of the period of limitation for assessment against the donor.

*   *   *   *   *

"(f) Definition of 'Transferee.' As used in this section, the term 'transferee' includes donee, heir, legatee, devisee, and distributee. * * *"

In view of the terms of the Revenue Act of 1932 it seems impossible for the petitioner to escape gift tax liability. We start out with the definition in Section 526(f) defining "transferee" as including "donee," and the provision of Section 510 that "the donee of any gift shall be personally liable for such tax to the extent of the value of such gift." There is also the provision of Section 526(a) (1) for assessment and collection of: "The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax * * *." Clearer language could hardly be used to impose a tax liability upon the transferee.

In respect to the statute of limitations, Section 517(a) governing any assessment against the donor and providing that it should be "within three years after the return is filed" is carefully denominated the "General Rule," while subdivision (b) (1) of Section 526 specifies a different period for assessing the tax liability of a transferee, namely, "Within one year after the expiration of the period of limitation for assessment against the donor," from the period generally prescribed. Such explicit language leaves nothing for interpretation and requires affirmance of the deficiency determined by the Tax Court. Such has been the conclusion reached by the Circuit Courts of Appeals of the Third and Seventh Circuits in Baur v. Commissioner, 3 Cir., 145 F.2d 338, 340, and Fletcher Trust Co. v. Commissioner, 7 Cir., 141 F.2d 36, 39, 40. In the case at bar the statute imposed a liability "at law" upon the transferee to the extent of the value of the gift she received, which was quite independent of any liability of the donor although the latter had failed to pay the tax and the time for assessment had expired as against him.

The petitioner argues that before any liability arose against the donee under Section 510 there must first have been a tax due from and unpaid by the donor and that a deficiency could not have been due until it was assessed against the latter. However, a "deficiency" is defined in Section 512(1) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 1011(1), as:

"The amount by which the tax imposed by this title exceeds the amount shown as the tax by the donor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency * * *."

826

The tax in the present case was payable by the donor on March 15, 1936, the personal liability of the donee arose at that time and the interest would run from that date. There is nothing in the statute to indicate that the continuance of the donee's liability would depend upon the existence of the donor's liability or that the donee's liability would terminate as soon as the donor's liability became barred. On the contrary, since Congress gave an additional year after expiration of the period of limitation against the donor in which to assert the donee's liability in transferee proceedings, it seems evident that her liability was meant to continue after the statute of limitations had barred assessment against the donor.

It is further argued by the donee that the extension of one year allowed the Commissioner under Section 526(b) (1) in making assessments against a transferee was only to cover cases where fraudulent transfers, insolvencies or other special circumstances had made a longer time appropriate. But we find nothing in the statute to justify such an interpretation and its terms are unambiguous and mandatory. Undoubtedly it is hard to see why a longer period should have been allowed for assessment of the tax against the donee than against the donor where, as in the present case, the obligation of the donee arises under the provisions of a statute requiring her to pay taxes of her donor as soon as they become due from him, but that was a matter for congressional legislation and Congress has clearly spoken.

The final argument that if any tax was due from the petitioner it should be determined by reducing the gross value of the gift to the extent of the tax lien requires little consideration. While a tax lien is imposed by Section 510 a personal liability is also imposed by the same section. The property transferred was not subject to a lien such as a mortgage or a pledge existing at the time of transfer, but the gift was of the whole property upon which a lien was only imposed to the amount of the gift tax which became due thereafter. The liability is personal and existed irrespective of any lien. The argument would result in the donee being liable for a tax less than that payable by the donor and the introduction and use of a complicated algebraic formula in computing the donee's tax. As Judge Hough said more than twenty years ago in Edwards v.

Slocum, 2 Cir., 287 F. 651, 654, "algebraic formulae are not lightly to be imputed to legislators"—a remark repeated by Mr. Justice Holmes in Edwards v. Slocum, 264 U.S. 61, 63, 44 S.Ct. 293, 68 L.Ed. 564, when the case was on appeal.

For the foregoing reasons the order is affirmed.