## MISSISSIPPI VALLEY TRUST CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12759.

Circuit Court of Appeals, Eighth Circuit.
Feb. 6, 1945.

Abraham Lowenhaupt, of St. Louis, Mo. (Stanley S. Waite, Norman Begeman, and Lowenhaupt, Waite, Chasnoff & Stolar, all of St. Louis, Mo., on the brief), for petitioners.

Helen Goodner, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

G. A. Youngquist, F. W. Thomas, and Fowler, Youngquist, Furber, Taney & Johnson, all of Minneapolis, Minn., amici curiae.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

Is a donee liable (to the extent of the value of the gift) for a deficiency in the gift taxes of his donor, where the donor is solvent but no steps to determine a deficiency against him have ever been taken, and the right to make a deficiency assessment against him has become barred by the statute of limitations?

Moore v. Commissioner, 2 Cir., 146 F.2d 824, Baur v. Commissioner, 3 Cir., 145 F.2d 338, and Winton v. Reynolds, D.C. Minn., 57 F.Supp. 565, all answer the question in the affirmative, as does the decision of the Tax Court in the present case, which is here for review. These decisions hold that such a conclusion is compelled by the clear and direct language of the tax statutes. See also Fletcher Trust Co. v. Commissioner of Internal Revenue, 7 Cir., 141 F.2d 36, certiorari denied 65 S.Ct. 36.

Under sections 1000 and 1001 of the Internal Revenue Code,[1] 26 U.S.C.A. Int. Rev.Code, §§ 1000, 1001, a tax is imposed upon transfers of property by gift, subject to the exclusions and deductions in sections 1003 and 1004. Under section 1006, a donor must file a return of all gifts not subject to exclusion, "on or before the 15th day of March following the close of the calendar year." Under section 1008, "The tax imposed by this chapter shall be paid by the donor on or before the 15th day of March following the close of the calendar year." Under section 1009, "The tax * * * shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made", and "If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift." Under section 1011, in its application to the present situation, the term deficiency means "the amount by which the tax imposed by this chapter exceeds the amount shown as the tax by the donor upon his return." Under section 1012, "No assessment of a deficiency in respect of the tax imposed by this chapter * * * shall be made * * * until * * * notice [of such deficiency] has been mailed to the donor * * *." Under section 1016, "the amount of taxes imposed by this chapter shall be assessed within three years after the return was filed", except under certain conditions not here material. Under section 1021, "Interest upon the amount determined as a deficiency * * * shall be collected as a part of the tax, at the rate of 6 per centum per annum from the due date of the tax to the date the deficiency is assessed." Under section 1025, "The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax"—the term "transferee" being expressly declared in the section to include a "donee"—shall be "assessed * * * in the same manner * * * as in the case of a deficiency", but assessment of such liability against a transferee may be made "within one year after the expiration of the period of limitation for assessment against the donor."

The argument is made here that the donor's liability for the tax is primary and that of the donee secondary, and that no liability therefore should exist against a donee for any part of a tax which a solvent donor has not admitted in his return, until there has been a deficiency determination against the donor, in the manner and within the time provided by the statute. But the statute itself imposes the tax, fixes its amount, and prescribes the date when payment thereof is legally due. If the full amount of the tax thus imposed is not paid by "the 15th day of March following the close of the calendar year", the tax has not been paid "when due", and the unpaid portion bears interest from that date. And, "If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift."

Only in the sense that the tax is owing in the first instance from the donor, and that the liability of the donee does not arise unless the donor fails to make payment of the tax by the 15th day of March following the close of the calendar year, and that such liability on the part of the donee is limited to the extent of the value of the gift, can the donee's liability be said to be secondary or qualified. If the donor fails to pay the automatically

---

[1] The tax involved in the present case is for the year 1937 and is governed by the provisions of Title III of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev. Acts page 580 et seq. For convenience, we are simply referring to the sections of the Internal Revenue Code, without enumerating the corresponding sections of the prior Revenue Act of 1932.

imposed tax when due, in accordance with the statute, no matter what the reason for his failure, there is an immediate and direct liability on the donee for the legally-owed tax, to the extent of the value of the gift.

Nowhere in its language does the statute make the liability of the donee contingent or dependent upon a formal determination of deficiency against the donor or upon any other steps to collect from him. Compare California Iron Yards Corporation v. Commissioner of Internal Revenue, 9 Cir., 82 F.2d 776, 779; Flynn v. Commissioner of Internal Revenue, 5 Cir., 77 F.2d 180, 183; Michael v. Commissioner of Internal Revenue, 2 Cir., 75 F.2d 966, 969; City National Bank v. Commissioner of Internal Revenue, 5 Cir., 55 F.2d 1073, 1074, which involve similar statutory provisions under other forms of taxes. Where there have been no proceedings against the donor, the donee is afforded a full opportunity to contest the validity and the amount of the tax, under the provision in the transferee section of the statute for assessing and collecting his liability in the same manner as in the case of a deficiency.

It is further argued, however, that under section 3770(a) (2), of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3770(a) (2), the tax obligation of the donor must be regarded as being extinguished at the expiration of three years from the filing of his return, and that Congress hardly could have intended, where no steps have been taken against the donor within that period, that a liability under section 1009 should remain for an additional year's time upon the donee, for the unpursued and extinct tax obligation of the donor. Section 3770(a) (2) provides that "Any tax * * * assessed or paid after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

But whether the donor's tax obligation, at the expiration of three years from the filing of a return, is or is not technically extinguished (cf. Helvering v. Newport Co., 291 U.S. 485, 54 S.Ct. 480, 78 L.Ed. 929) is of no consequence here. Section 1009, as heretofore indicated, creates an independent liability against the donee for any unpaid gift tax, to the extent of the value of the gift. Section 1025 constitutes the donee a transferee of the gift property for all the purposes of that section. The liability of a donee under section 1009, as the recipient of a gift, is thus necessarily embraced within "the liability, at law * * * of a transferee", as referred to in section 1025.

To contend, therefore, that the provision in section 1025, authorizing the "assessment of *any* such liability of a transferee" [emphasis supplied] to be made "within one year after the expiration of the period of limitation for assessment against the donor", was not intended to permit the assessment of the donee-liability under section 1009, where the three-year period for making an assessment against the donor has expired without any deficiency determination ever having been made against him, is simply to argue that the statute does not mean what it says.

All this, as the cases first cited suggest, is but plain reading of the tax statutes. The decision of the Tax Court, upholding the Commissioner's determination of a donee-transferee liability against petitioners, is accordingly affirmed.[2]

---

[2] The factual situation in the case is undisputed, and its details would add nothing to the discussion of the legal questions presented. We shall only indicate, therefore, in order to avoid leaving the donor in any improper light, that the tax deficiency arose out of the claiming in the donor's return of exclusions under section 1003, whereas, by United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, decided two weeks before the three-year period for assesssment of a deficiency against the donor here had expired, gifts of the character involved were held to be gifts of future interests and so not subject to any exclusion under section 1003.