**Dorothy J. STREET et vir**

v.

**UNITED STATES of America.**

**Civ. A. No. 67–H–155.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 12, 1969.

C. W. Wellen, Charles Hall, and Marc Grossberg, of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., and Julian E. Weisler, Brenham, Tex., for plaintiff.

Johnnie Walters, Asst. Atty. Gen., Ben A. Douglas, Jerry A. Welles, Tax Division, Dept. of Justice, Fort Worth, Tex., for defendant.

*Memorandum and Order*

SINGLETON, District Judge.

This is an action for refund of federal estate taxes that were paid by plaintiff to defendant. Presently pending before the Court are cross-motions for summary judgment.

The following facts have been stipulated. Edna Chappell Ralston, a resident of Brenham, Washington County, Texas, died intestate on June 17, 1959. On August 1, 1959, Frankie Chappell was appointed administratrix of the decedent's estate by the probate court of Washington County, Texas.

The administratrix filed a timely United States Estate Tax Return, Form 706, on July 1, 1960. As provided in Int.Rev.Code of 1954, section 6501(b)(1), the estate tax return is considered as having been filed on September 17, 1960. The estate tax return showed a net taxable estate of $234,588.94, and a total estate tax due of $57,616.55. On September 2, 1960 the tax was timely paid by the administratrix on behalf of the estate. The remainder of the estate was then distributed to plaintiff as Mrs. Ralston's sole heir at law.

During the summer of 1963 other assets belonging to the estate were discovered. Additions to the value of the estate consisted of the following properties:

| Property | Value |
|---|---|
| 3 shares Delmont Petroleum Corporation | $ 19.50 |
| 150 shares Pure Oil Company | 6,168.75 |
| Bank account, National Bank of Commerce, Houston, Texas | 8,015.23 |
| | $14,203.48 |

None of the above property was included in the July 1, 1960 estate tax return.

On September 11, 1964, defendant mailed to plaintiff a statutory notice of deficiency, wherein plaintiff was notified that the Commissioner of Internal Revenue had determined that she was a "transferee" of property of the estate of Edna Chappell Ralston and notifying her of an estate tax deficiency determined to be owing by her to defendant in the amount of $3,849.83, plus interest. The deficiency notice was mailed by defendant and received by plaintiff after three years and within four years of the date the estate tax return was due (September 17, 1960).

Defendant had not made any assessment against the estate of the decedent on or before September 17, 1963, other than the amount reported as due on the Form 706 filed July 1, 1960. Thus, on September 17, 1963, the applicable three year period of limitations ran against defendant's claim against the estate. See Int.Rev.Code of 1954, section 6501(a). However, the deficiency notice was mailed to plaintiff six days before the expiration of the additional one year limitation for assessing taxes against a "transferee" of the estate. See Int.Rev. Code of 1954, section 6901(c)(1). It is admitted that plaintiff was the "transferee" of all of the deceased's assets within the meaning of Int.Rev.Code of 1954, section 6901(h).

On December 24, 1964, defendant assessed against plaintiff an estate tax deficiency of $3,849.83, plus interest of $966.25, for a total of $4,816.08. Plaintiff paid defendant the estate tax of $3,849.83 on November 23, 1964, and, subsequently, on January 11, 1965, paid the assessed interest of $966.25. Plaintiff's claim for refund was denied by defendant resulting in the present action.

In support of its motion for summary judgment, plaintiff takes the position that before defendant could proceed against Mrs. Street (the transferee), the estate of Mrs. Ralston (the transferor) had to be insolvent at the time of the transfer or it had to be rendered insolvent as a result of the transfer. Plaintiff also contends, relying on Brafman v. United States, 384 F.2d 863 (5th Cir. 1967) that defendant is barred from proceeding against her as transferee, since the estate itself was not assessed within the three year period as provided by Internal Revenue Code of 1954, section 6501(a). On the other hand, defendant contends that plaintiff is personally liable for the taxes due to the operation of Int.Rev.Code of 1954, section 6324(a) (2). It argues that since the liability is personal, it does not matter whether the estate was solvent or timely assessed.

This Court holds that defendant's claim against plaintiff is invalid because of its failure to show the applicability of section 6324(a) (2); therefore, plaintiff is entitled to a refund.

■ In order for the government to proceed against plaintiff under these facts as a transferee on a personal liability basis, section 6324(a) (2) must be applicable. I find that it is not. The pertinent portion of section 6324(a) (2), for our purposes here, states:

"(2) Liability of transferees and others.—If the estate tax imposed by chapter 11 is not paid when due, [a] * * * transferee, * * * who receives, or has on the date of the decedent's death, *property included in the gross estate under sections 2034– 2042, inclusive*, to the extent of the value at the time of the decedent's death, of such property, shall be personally liable for such tax."

The statute restricts itself to a transferee who receives property included in the gross estate under § 2034 to § 2042, inclusive. Section 2034 applies to dower or curtesy interests; Section 2035 applies to transactions in contemplation of death; Section 2036 applies to transfers with retained life estate; Section 2037 applies to transfers taking effect at death; Section 2038 applies to revocable transfers; Section 2039 applies to annuities; Section 2040 applies to joint interests; Section 2041 applies to powers of appointment; Section 2042 applies to proceeds of life insurance. None of the decedent's property, including the subsequently discovered property, would have been included in the gross estate under any of the above sections. Thus, § 6324 (a) (2) is unavailable to defendant as a basis for proceeding against this plaintiff for taxes due on the subsequently discovered property.

■ In response to plaintiff's contentions that (a) the insolvency of the estate is a prerequisite to proceeding against the transferee and that (b) the estate must be assessed within the statutory period before the transferee can be assessed and proceeded against, this Court is persuaded by the reasoning in Schuster v. C. I. R., 312 F.2d 311 (9th Cir. 1962).

In *Schuster*, the decision involved interpretation and application of § 827(b) and § 900 of the Internal Revenue Code of 1939. These sections are substantially the same as § 6324(a) (2) and § 6901, respectively, of the Internal Revenue Code of 1954. Factually, they were concerned with a trust corpus that was originally determined by the Commissioner of Internal Revenue not to be part of the decedent's estate. Later, a successor commissioner decided that the trust corpus did constitute an asset of the decedent's estate for tax purposes. He proceeded to assess a deficiency against the transferees of the estate, i. e., the surviving tenant, the trustee, and a beneficiary of the trust.

At the time the statutory notices of the deficiency were issued, any proceeding against the estate for collection was barred by the three year Statute of Limitations; therefore, the government was proceeding against the transferees within the additional year of limitation granted by § 900 of the Internal Revenue Code of 1939. Also, important for our purposes here, was the fact that the es-

tate had not been fully distributed and was sufficiently solvent to pay the deficiency.

The taxpayers in *Schuster* raised some of the same issues that are now being raised in the present action and the Court rejected these contentions stating (pp. 315–316):

"We conclude that the transferee's liability for estate tax deficiencies, under federal law, is essentially a primary, not a secondary, obligation. Section 827(b) specifically imposes some limitations on the liability of such a transferee, for it requires that a deficiency be due from the estate, and that his liability therefore is limited to the value of the estate corpus which he receives. But no other limitations were imposed, and there is nothing to suggest that others were intended. Therefore, it seems axiomatic that the transferee's liability for an estate tax deficiency is not conditioned on the Commissioner's remedies against the estate, except as the statute provides otherwise, and is in the nature of a direct and primary obligation independent of the obligation of the estate. As the court declared in the Mississippi Valley Trust case [Mississippi Valley Trust Co. v. Commissioner, 147 F.2d 186 (8th Cir. 1945)], in connection with a comparable statute relating to gift tax deficiencies,

'If the donor fails to pay the automatically imposed tax when due, in accordance with the statute, no matter what the reason for his failure, there is an immediate and direct liability on the donee for the legally owed tax, to the extent of the value of the gift.' (147 F.2d 186 at 187–188).

"Indeed, the petitioner's argument that their liability is conditioned on the estate's insolvency is difficult to reconcile with the purpose of Section 826(b), which gives the transferee the right of reimbursement against the undistributed portions of the estate. (26 U.S.C. § 826[b] [1952 edition]). This right presupposes a solvent estate at the time the transferee seeks reimbursement, and this condition would presumably be the same as when the deficiency was originally assessed against him. See Equitable Trust Co. v. Commissioner, supra. We conclude that the petitioners are not absolved from liability because of the Commissioner's failure to take timely action against the estate, or the estate's solvency. (citation of authority)."

This Court would regard the above language controlling here if § 6324(a) (2) were applicable, but it is not. Its predecessor was obviously applicable in *Schuster* and just as obviously it is not applicable here. Had the government been more careful in its reading of the statute the time and effort of both parties might have been saved.

The case cited by plaintiff of Brafman v. United States, 384 F.2d 863 (5th Cir. 1967) seems to be in conflict with *Schuster*. However, after careful consideration of the relevant cases, I must conclude that the holding of the Court in *Brafman* applies to "trust-fund" theory cases as opposed to "personal liability" theory cases where § 6324(a) (2) is involved. Therefore, *Brafman* is not controlling in the instant litigation.

■ While these motions for summary judgment were under consideration, plaintiff sought leave to file an amended complaint which claims an estate tax deduction for the attorneys' fees and expenses incurred incident to the filing and prosecution of this suit for refund. Plaintiff contends that she is entitled to such a deduction pursuant to Int.Rev.Code of 1954, § 2053. Plaintiff's motion for leave to file an amended complaint is hereby granted. This Court finds that plaintiff is entitled to an estate tax deduction for the legal fees and expenses they incurred as a result of this suit.

Therefore, it is ordered, adjudged and decreed that plaintiff recover from defendant the sum of $4,816.08, plus the additional sum that will be owing by the government to plaintiff after the amount of estate tax is reduced by the deduction

for legal fees and expenses incurred in the prosecution of this suit.

Counsel for plaintiff will draft and submit an appropriate judgment for submission to the Court, after first obtaining approval from counsel for defendant.