**Wilbur L. DUNN and Virginia F. Dunn, Appellants,**

v.

**OKLAHOMA TAX COMMISSION, D. M. Berry, Chairman, L. L. Leininger and J. L. Merrill, members of the Oklahoma Tax Commission, Appellees.**

**No. 50305.**

Supreme Court of Oklahoma.

Jan. 24, 1978.

William C. Jones, III, Robinson, Boese & Davidson, Tulsa, for appellants.

Donald B. Nevard, Gen. Counsel, for Oklahoma Tax Commission, and Edward A. Reed, Oklahoma City, for appellees.

BARNES, Justice:

This is an appeal from an Order of the Oklahoma Tax Commission denying a protest to the assessment of additional gift taxes for the calendar year 1972. Appellants, Wilbur L. Dunn and Virginia F. Dunn, will be referred to as "donors-taxpayers". The Oklahoma Tax Commission will hereinafter be referred to as the "Commission".

The question presented is: Does 68 O.S. 1971, § 901(f), exclude, as an item of reduction in value, the amount of gift tax liability assumed by the donee?

The undisputed facts, most of which were stipulated to by the parties, are as follows. On December 7, 1972, the donors-taxpayers each transferred 1,375 shares of the common stock of Emerson Electric Company to each of their four adult children (donees). These transfers were reported by each taxpayer in gift tax returns filed with the Commission on April 13, 1973.

Each return reflected $493,060.00 as the fair market value of the stock on the date transferred, reduced by $103,283.00 which

represents an amount equal to the Federal and Oklahoma gift tax liabilities attributable to such gifts, resulting in net gifts of $389,777.00 per each return. Also included with each return was a statement regarding the donors-taxpayers' assumption of gift tax liability. Such statements provided in part:

"Pursuant to the provisions of Revenue Ruling 71–232, the donees of the aforemade gifts have agreed unconditionally to pay the gift tax liability attached to said gifts. . . ."

By letter of August 7, 1973, the Commission proposed additional gift taxes against each donor based, in part, upon an increase in the value of the stock transferred by the amount equal to the gift tax liabilities assumed by the donees. Subsequently, during the month of November, 1973, each donee executed an acknowledgment of receipt of the gift and an unconditional agreement to pay both Federal and Oklahoma gift taxes attributable to such gift.[1]

The donors-taxpayers protested the additional assessments, and after a hearing on August 17, 1976, the Commission issued its Order No. 63,807, denying the protest and sustaining the assessments of additional gift taxes for the calendar year 1972 against the donors-taxpayers in the amount of $9,346.18 per donor-taxpayer, which amount was paid under protest, except a balance due of $1,035.00 from each donor.

Donors-taxpayers then brought the instant appeal, setting forth two propositions: (1) Commission erred in holding 68 O.S.1971, § 901(f), excludes, as an item of reduction in value, the amount of gift tax liability contractually assumed by the donee; and (2) Commission erred in holding 68 O.S.1971, §§ 901(c) and 904(d), did not apply to reduce the value of gifts by the amount of consideration paid therefor.

The subsection of the statute which this Court is called upon to interpret is 68 O.S. 1971, § 901(f), which provides as follows:

"(f) The tax shall apply and be computed upon the gross value of the gift from the donor to the donee and such value shall not be reduced by the amount of the Federal gift taxes or State gift taxes thereon whether paid by the donor or donee. Laws 1963, c. 364, § 2. Renumbered Laws 1965, c. 215, § 2."

Two other sections of the Oklahoma Gift Tax Code, applicable to the question involved herein, are 68 O.S.1971, § 901(c), which provides:

"(c) The tax shall apply where property is transferred for less than an adequate and full consideration in money or money's worth. * * * "

and 68 O.S.1971, § 904(d), which makes reference to the provisions of § 901(c), and provides:

"(d) Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax levied by this Article, be deemed the amount of the gift, and, as provided for under Subsection (c) of Section 901, shall be included in computing the amount of gifts made during the calendar year."

Under their first proposition, the donors-taxpayers submit that when the entire Oklahoma Gift Tax Code is considered, it is clear that application of § 901(f) does not

---

1. During the month of November, 1973, each donee executed a statement (T. 18 through 21) providing:

"I hereby acknowledge that, on December 7, 1972, I received 1,375 shares of common stock of Emerson Electric Co. from Wilbur L. Dunn, Donor, and 1,375 shares of common stock of Emerson Electric Co. from Virginia F. Dunn, Donor, both gifts being subject to my unconditional agreement to pay Federal and Oklahoma gift taxes thereon, as follows:

|  | FEDERAL | OKLAHOMA |
|---|---|---|
| Gift from Wilbur L. Dunn | $20,204.25 | $5,616.50 |
| Gift from Virginia F. Dunn | 20,204.25 | 5,616.50 |
|  | $40,408.50 | 11,233.00 |

In accordance with my unconditional agreement with the respective donors, therefore, the above amounts were paid by me as consideration for the gifts of the stock."

prevent the reduction in value of a gift by an amount equal to gift tax liability contractually assumed by the donee. They cite *Personal Loan & Finance Co. of Capitol Hill v. Oklahoma Tax Commission*, 437 P.2d 1015 (Okl.1968), for the rule that legislative acts are to be construed so as to reconcile different provisions and render them consistent and give intelligent effect to each.

Donors-taxpayers contend § 901(f), supra, is merely a codification of the general rule that the fair market value of a gift is not diminished by the gift tax attributable to such gift. See *Moore v. Commissioner of Internal Revenue*, 146 F.2d 824 (2d Cir. 1945). It is further argued that said subsection does not conflict with § 904(d), supra, nor § 901(c), supra, because § 901(f), supra, merely provides a general rule of valuation that is subject to exceptions such as transfers for less than full and adequate consideration.

Donors-taxpayers further contend § 901(f) applies to the valuation of gifts only when the donor pays the gift tax, or when the donor has defaulted in his primary obligation to pay the tax and the donee is called upon to pay the tax, or the donee voluntarily pays the tax.

The donors-taxpayers argue § 901(f) should not apply when the donee has contractually relieved the donor of his liability to pay the tax, thereby granting consideration to the donor for the transfer of property, stating that if the Legislature had intended to preclude the reduction in value of gifts by contractual arrangement between the donor and donee, such a provision would have been enacted. We do not agree with this interpretation.

We assume that the Internal Revenue Code allows a reduction in the amount of the gift upon which a gift tax is computed, but we are not dealing with a provision found in the Internal Revenue Code but one which is *unique* to the Oklahoma Statutes.

The Oklahoma Legislature is permitted to either follow or not follow the provisions of Federal Tax Statutes or Regulations, as noted in the Oklahoma Constitution, Article X, § 12, which makes reference to the relationship of State and Federal taxation:

" * * *

"In the exercise of the powers provided for in this section, and notwithstanding any other provision of this Constitution, the Legislature may, *with or without exceptions, modifications, or adjustments, define the amount on, in respect to, or by which any such tax or taxes are imposed or measured (a) by reference to any provisions of the laws (including administrative regulations, determinations, and interpretations) of the United States, as such laws may be or become effective at any time or from time to time*; (b) by reference to any amount or amounts finally ascertained in determining amounts subject to taxation by the United States; or (c) by reference to any amount or amounts of tax finally ascertained to be payable to the United States." (Emphasis ours)

A reading of § 901(f) indicates that it was the clear and unambiguous intent of the State Legislature to exclude, as an item of reduction in value, the amount of Federal or State gift taxes relating to the gift whether paid by the donor or the donee.

██ It is to be noted that § 901 has been twice amended since its enactment in 1963, with no changes made to the specific provisions of subsection (f). The general rule that the reenactment of a statute in the same or substantially the same language, together with a long-standing administrative interpretation of a statute, is persuasive of the correctness of the administrative interpretation and will not ordinarily be overturned. See *Lincoln Bank and Trust Co. v. Exchange National Bank*, 383 F.2d 694 (10th Cir. 1967). There does exist a long-standing interpretation of § 901(f) by the Commission.

Section 904(d), supra, does not make specific reference to § 901(f), supra, but rather to § 901(c), supra. Section 904(d), supra, relates to the interpretation of the value and the amount of the gift, while § 901(f) deals generally with the tax which is to be levied on a transfer by gift. Thus, while

§ 904(d) recognizes the reduction of the value of the gift by the amount of consideration paid therefor, § 901(f), which relates to the taxability of that gift, specifically excludes as an item of reduction the "amount of the Federal gift taxes or State gift taxes thereon whether paid by the donor or donee."

For these reasons, the Order of the Commission is correct and it is affirmed in the amount of $9,346.18 for Wilbur L. Dunn, donor-taxpayer, and a like amount for Virginia F. Dunn, donor-taxpayer, in the aggregate amount of $18,692.36, inclusive of both gift tax liability and interest thereon.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.