**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lewis L. VOHLAND, Janet Vohland,
Defendants-Appellants.**

**No. 80–4248.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 1981.

Decided April 29, 1982.

---

Lewis L. Vohland, Oakland, Cal., argued, for defendants-appellants; Janet Vohland, on brief.

Philip I. Brennan, Washington, D. C., argued, for plaintiff-appellee; Michael L. Paup, Chief Appellate Sec., John F. Murray, Washington, D. C., on brief.

Before PREGERSON and CANBY, Circuit Judges, and LUCAS,* District Judge.

CANBY, Circuit Judge:

This appeal arises from an action to foreclose an unrecorded special estate tax lien against property which appellants had purchased without notice of the lien. The district court granted summary judgment in favor of the United States Government, enforcing the lien and ordering a foreclosure sale of the appellants' real property. We affirm the judgment of the trial court.

Three issues are raised on appeal:

* The Honorable Malcolm M. Lucas, United States District Judge, for the Central District of California, sitting by designation.

(1) Whether additional assessments, imposed pursuant to I.R.C. § 6651(a) for failure to file an estate tax return, can support the § 6324 special estate tax lien.

(2) Whether the Internal Revenue Code requires a special estate tax lien to be recorded in order for it to be enforceable against property subsequently purchased for full consideration by persons who had no notice of the lien; and

(3) Whether a statute permitting an unrecorded government tax lien to be so enforceable violates the due process clause of the Fifth Amendment.

David Schindler Sr. died in April 1970. In March 1972, the Internal Revenue Service assessed an estate tax, as well as an addition to the tax for willful late filing, against his estate. The executor paid the basic estate tax, but the additional assess-

ment and interest related to it were never paid. The executor has not been discharged from personal liability for the estate tax pursuant to the provisions of I.R.C. § 2204.

The real property passed out of the probate estate by deed. Subsequently, in late 1973, appellants purchased the property for full consideration. They had no actual notice of any special estate tax lien, and no estate tax lien had been recorded.

■ Appellants first argue that the special estate tax lien created by I.R.C. § 6324[1] does not arise with respect to the assessment of additions to tax for willful failure to file a timely estate tax return. *See* I.R.C. § 6651(a). The plain words of the Code do not support appellants' argument, however. Section 6324(a) creates a lien for "the estate tax imposed by chapter 11." Internal Revenue Code § 6659(a) provides:

---

1. I.R.C. § 6324 provides, in part, as follows:
(a) Liens for Estate Tax.—Except as otherwise provided in subsection (c)—
(1) Upon gross estate.—Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.
(2) Liability of transferees and others.—If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee (except the trustee of an employees' trust which meets the requirements of section 401(a)), surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property transferred by (or transferred by a transferee of) such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, to a purchaser or holder of a security interest shall be divested of the lien provided in paragraph (1) and a like lien shall then attach to all the property of such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, or transferee of any such

person, except any part transferred to a purchaser or a holder of a security interest.
(3) Continuance after discharge of fiduciary. —The provisions of section 2204 (relating to discharge of fiduciary from personal liability) shall not operate as a release of any part of the gross estate from the lien for any deficiency that may thereafter be determined to be due, unless such part of the gross estate (or any interest therein) has been transferred to a purchaser or a holder of a security interest, in which case such part (or such interest) shall not be subject to a lien or to any claim or demand for any such deficiency, but the lien shall attach to the consideration received from such purchaser or holder of a security interest, by the heirs, legatees, devisees, or distributees.
(c) Exceptions.—
(1) The lien imposed by subsection (a) or (b) shall not be valid as against a mechanic's lienor and, subject to the conditions provided by section 6323(b) (relating to protection for certain interests even though notice filed), shall not be valid with respect to any lien or interest described in section 6323(b).
(2) If a lien imposed by subsection (a) or (b) is not valid as against a lien or security interest, the priority of such lien or security interest shall extend to any item described in section 6323(e) (relating to priority of interest and expenses) to the extent that, under local law, such item has the same priority as the lien or security interest to which it relates.

(a) Additions Treated as Tax.—Except as otherwise provided in this title—

. . . . .

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

Thus, the reference to "tax" in the § 6324(a) special estate tax lien includes the § 6651(a) assessment, absent a specific provision to the contrary.

The appellants attempt to avoid the application of § 6659(a) to the special estate tax lien statute by relying upon inferences that they argue can be drawn from comparing the estate tax lien statute, I.R.C. § 6324, to the general tax lien statute, I.R.C. § 6321.[2] The general tax lien statute, by its own terms, includes additional assessments and penalties, whereas the special estate tax lien statute does not. We do not believe, however, that inferences of congressional intent favorable to appellants can properly be drawn from a comparison of the two statutes when they and their underlying liens arose quite independently of each other.[3] See Detroit Bank v. United States, 317 U.S. 329, 334, 63 S.Ct. 297, 299, 87 L.Ed. 304 (1943). Moreover, it would take far more than an inferential indication of intent to override Congress's specific inclusion of additions in the term "tax" in § 6659(a)(2). We accordingly conclude that the special estate tax lien includes the addition to the tax arising pursuant to I.R.C.

**2.** I.R.C. § 6321 provides:
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

**3.** The estate tax lien has never expressly included or excluded costs, penalties or assessments, whereas the general tax lien has always expressly included some reference to one or more of them. In the current Code, enacted in 1954, the two lien statutes were placed in the same chapter, inviting appellants' comparison.

§ 6651(a) for willful late filing of the estate tax return.

We turn next to the question whether a § 6324 special estate tax lien must be recorded in order to be enforceable against property in the hands of subsequent purchasers for value who had no actual notice of the lien. Appellants purchased the subject property from the decedent's beneficiary well after the date the tax assessment was made, but before any notice of lien was recorded.

It is clear that a special estate tax lien attaches at the time of decedent's death without necessity for assessment or demand. Detroit Bank v. United States, 317 U.S. at 332, 63 S.Ct. at 298. Appellants do not dispute this aspect of the Detroit Bank holding and concede that the lien arose upon the decedent's death.

Unless a federal statute requires a government tax lien to be recorded, the unrecorded lien may be enforced against subsequent transferees. United States v. Curry, 201 F. 371, 374 (D.Md.1912). See Detroit Bank v. United States, 317 U.S. at 334, 63 S.Ct. at 299 (priority of estate tax liens over subsequent mortgagees). The crucial question, therefore, is whether there is any statutory requirement that special estate tax liens be filed. Contrary to appellants' contentions, § 6324 makes no provision for recording the special estate tax lien nor does it condition the lien's enforceability against transferees upon recording. The

However, each was taken from the 1939 Code in which the two lien sections were contained in entirely separate chapters. The special estate tax lien was taken from section 827 of the Internal Revenue Code of 1939, ch. 3, § 827, 53 Stat. 128, as amended by Revenue Act of October 21, 1942, 56 Stat. 950. Section 827, in turn derived from section 315(a) of the Revenue Act of 1926, 44 Stat. 9, 80, and section 209 of the Revenue Act of 1916, 39 Stat. 780, and finds its origin in the Act of June 13, 1898, ch. 448, § 30, 30 Stat. 465. The general tax lien was taken from section 3670 of the 1939 Code, ch. 36, § 3670, 53 Stat. 448, whose statutory origin can be traced to the Act of July 13, 1866, ch. 184, § 9, 14 Stat. 107.

statute provides purchasers [4] considerable, though not complete, protection. Upon transfer of non-probate property [5] to a purchaser, the property is divested of the lien, so that a purchaser of such property is fully protected. I.R.C. § 6324(a)(2) [6]. Property that was part of the "probate" estate, i.e., I.R.C. § 2033 property, is divested of the lien when it is transferred to a subsequent purchaser, but only if the estate's executor has been discharged from personal liability pursuant to I.R.C. § 2204. I.R.C. § 6324(a)(3). [7] Appellants' property was probate property, but appellants concede that the executor was never discharged under § 2204. None of the provisions of § 6324 therefore protect appellants, and the lien created by the statute survived the transfer of the property to them.

■ Appellants argue that the special estate tax lien could have been filed pursuant to the statute that provides for the filing of general tax liens, I.R.C. § 6323(f). Whether or not that proposition is correct, it is clear from *Detroit Bank v. United States*, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304 (1943), that filing under § 6323(f) is not a prerequisite to the enforcement of a special estate tax lien against subsequent transferees. The Supreme Court there rejected a similar contention, stating:

> [W]e think that the differences between R.S. § 3186 [statutory predecessor to I.R.C. §§ 6321–6323, the general tax lien] and 315(a) [statutory predecessor to I.R.C. § 6324, the special estate tax lien], and their legislative history as separate enactments, indicate that each was intended to operate independently of the other.

*Detroit Bank v. United States*, 317 U.S. at 334, 63 S.Ct. at 299.

Appellants urge that the changes to the lien statutes made pursuant to the Federal Tax Lien Act of 1966, Pub.L. 89–719, 80 Stat. 1125 (in part amending I.R.C. §§ 6323–6325), provide the basis for reconsidering whether special estate liens must be recorded under I.R.C. § 6323(f) in order to be enforceable against subsequent purchasers. They contend that the general tax lien and the special estate tax lien now refer to one another, see e.g., §§ 6323(h), 6323(i)(2), 6324(c), which they did not do previously, and that the filing requirement expressly imposed upon general tax liens under § 6323(a) and (f) are now also to be imposed upon the § 6324 special estate tax lien.

The legislative history of the Federal Tax Lien Act of 1966 demonstrates, however, that the Act did not seek to impose filing requirements on the special estate tax lien. The amendments that affected both tax liens simply made certain statutory terminology consistent for both liens [8] and provided "super priority" for certain creditors over all tax liens regardless of filing. [9] Indeed, the failure of the proposed 1966 Act to require the filing of estate tax liens was regarded as a deficiency by the American Bar Association. Its interpretation of § 6323, prior to amendment, was set forth in a report to the House Ways and Means Committee that:

> In the case of property which passes from the decedent at death (as distinguished from certain inter vivos transfers, joint tenancies, etc., which are included in the gross estate), not even a *bona fide* purchaser is protected from the estate tax lien, under present law, unless the executor obtains a discharge from personal liability for the estate tax under § 2204.

Priority of Federal Tax Liens and Levies: Hearings on H.R. 11256 & 11290 Before the

---

4. The term "purchaser" is defined in I.R.C. § 6323(h)(6). In essence, a "purchaser" is a person who has paid value and is entitled to the protection of state recording acts. We assume for purposes of this discussion that appellants qualify as "purchasers."

5. "Non-probate" property is property included in the gross estate under sections 2034 to 2042.

6. *See* footnote 1.

7. *Id.*

8. *See* I.R.C. § 6323(h).

9. *See* I.R.C. §§ 6323(b)(1), 6324(c).

House Comm. on Ways and Means, 89th Cong., 2d Sess. 75, 186 (1966) (American Bar Association Final Report of the Committee on Federal Liens.) Despite this description of the existing law, and the ABA statement that the proposed 1966 Act would not modify this result, *id.* at 118–119, Congress passed the Act. We conclude that Congress neither modified the estate tax lien filing requirements in the 1966 Act nor intended to do so.

 We now turn to appellants' argument that enforcement of the government's unrecorded lien against a bona fide purchaser for value without notice violates the due process clause of the Fifth Amendment.[10] The collection of an estate tax will not violate due process unless the means employed "are unnecessary or inappropriate to the proposed end, are unreasonably harsh or oppressive, when viewed in the light of the expected benefit, or arbitrarily ignore recognized rights to enjoy or to convey individual property." *Helvering v. City Bank Farmers Trust Co.*, 296 U.S. 85, 90, 56 S.Ct. 70, 72, 80 L.Ed. 62 (1935) (upholding the estate tax on property transferred before death.) *See also Schuster v. Commissioner of Internal Revenue*, 312 F.2d 311, 318 (9th Cir. 1962) (upholding the imposition of estate taxes upon transferees).

Internal Revenue Code § 6324 is structured to assure collection of the estate tax. Although, as here, its application can lead to a harsh result, that result is not unconstitutionally harsh when viewed in light of the means provided for avoiding it. A purchaser of probate property may avoid risks of loss either by establishing that the executor or administrator has been released under I.R.C. § 2204 or by securing a certificate of discharge of the lien under I.R.C. § 6325(c). *See Kleine v. United States*, 539 F.2d 427 (5th Cir. 1976). Further accommodation of

the purchaser is not constitutionally required.

Appellants argue that they were deprived of their property at the time they purchased it and that since there was no record of the lien, they had no notice of the deprivation and no hearing. This due process argument is creative, but not persuasive. At the time appellants purchased the property no summary action was taken by the government. The vendor simply did not convey good title. Appellants would require the government to act positively to prevent this outcome, but its failure to do so does not amount to a taking without due process. The only action taken by the government to enforce the lien against appellants has been this litigation. The property has not been taken summarily. Only after notice and hearing was a foreclosure sale ordered.

 Appellants make a second due process argument that they were denied a meaningful hearing in the district court because they did not have adequate time to prepare for the hearing on the motion for summary judgment. The suit was filed on March 6, 1978. The government filed its motion for summary judgment on April 7, 1980. Appellees filed their response on April 18, 1980. On April 9, 1980, the court ordered that the motion be heard on April 25, 1980. We conclude that there was sufficient time for appellants to prepare for the hearing on the motion for summary judgment.

The judgment of the district court is affirmed.

---

10. Although *Detroit Bank v. United States*, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304 (1943), rejected a Fifth Amendment argument, as the government contends, it was not the same argument with which the court is presently confronted. In *Detroit Bank* the question raised was whether the Fifth Amendment prohibited the Congress from affording mortgagees less protection than that generally afforded purchasers. 317 U.S. at 337–38, 63 S.Ct. at 301. The Court found no constitutional infirmity in treating the two classes differently. In the present case the appellants' contention is made in terms of due process rather than equal protection and questions the Congress's power to permit enforcement of liens against subsequent purchasers without requiring notice by filing of the lien.