ARLENE EGGLESTON, TRANSFEREE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eggleston v. Commissioner
Docket No. 8299-82.
United States Tax Court
T.C. Memo 1985-327; 1985 Tax Ct. Memo LEXIS 303; 50 T.C.M. (CCH) 333; T.C.M. (RIA) 85327; July 3, 1985. David L. Moore, for the petitioner. Janine L. Hook, for the respondent. KORNER
MEMORANDUM *306 OPINION KORNER, Judge: By notice dated January 15, 1982, respondent determined that petitioner was liable, at transferee, for the unpaid estate tax of the estate of Robert McJohnston Jardine, in the amount of $6,963.60, together with addition to tax under section 6651 [1] of $102.90. In her petition herein, petitioner challenges this determination. When the case was called for trial at Portland, Oregon, pursuant to petitioner's request, the case was submitted to the Court on a fully stipulated set of facts and exhibits pursuant to Rule 122. Said stipulations and exhibits are incorporated herein by this reference and form the basis of our findings of fact herein. At the time her original petition herein was filed, petitioner was a resident of Trail, Oregon. On October 18, 1976, Robert McJohnston Jardins (hereinafter "decedent") died testate a resident of Los Angeles, California. His will was thereafter probated before the Superior Court of California, Los Angeles *307 County, and petitioner was appointed as executrix of the estate. So far as this record shows, that administration is continuing. On January 17, 1978, petitioner, as decedent's executrix, filed a Federal estate tax return for his estate, in which a net Federal estate tax liability of $15,140.10 was disclosed. Of this amount, $2,940.10 was paid at the filing of the return, and the balance of $12,200 was subsequently paid. [2] An estate tax deficiency of $6,963.60, plus an addition to tax of $102.90, together with the interest thereon as provided by law, all remain unpaid. [3] Between May 22, 1979, and January 21, 1981, successive proofs of claim for all or a portion of said amounts were filed by respondent in the probate proceedings involving decedent's estate. By reason of decedent's death, petitioner individually received *308 the following property, all of which was includable in decedent's taxable estate, as disclosed by the Federal estate tax return filed by petitioner as executor (values as disclosed by the estate tax return): a. Cash in a saving and loan
association bank account,
owned jointly by petitioner
and decedent
$50,090.00
b. Real property located at
4826 Rosewood Avenue in
Los Angeles, California,
also described as Lot 126,
Westboro Tract, owned jointly
by petitioner and decedent with
common law rights of survivorship. [4]
Total parcel valued at $48,000;
decedent's one-half interest
reported at
24,000.00
c. A promissory note secured by
deed of trust executed by Vernon
and Harriet Brown. This note was
transferred by decedent to
petitioner on August 18, 1975,
with decedent reserving a life
estate therein. Principal balance
of the note at date of death
reported at
65,542.42
d. Decedent's furniture and furnishings,
bequeathed to petitioner under
decedent's will, valued at
3,000.00
e. A life interest in decedent's
oriental rugs, bequeathed to
petitioner under decedent's
will.
No value stated
*309 The property at Lot 126, Westboro tract, received by petitioner as surviving joint tenant, as above, was sold by her to a third party in May 1977 for $51,000. After the satisfaction of an existing deed of trust note on said property, in the amount of $43,000, and the payment of necessary closing costs in connection with the sale, petitioner realized th net amount of $4,034.24. Final notice and demand by respondent for payment of the assessed estate tax deficiency, addition to tax, and interest, in the total amount of $10,119.44, was made against petitioner as executor of decedent's estate on October 9, 1981, and apparently was not satisfied. Respondent's notice of transferee liability against petitioner then followed. In contesting respondent's determination of transferee liability against her herein, petitioner makes no arguments and offers no proof that respondent's determination of deficiency of estate tax and addition to tax was erroneous in any manner. [5] Instead, petitioner attacks the determination of transferee liability against her on two grounds: 1. Petitioner argues that respondent's notice of transferee liability to her was not sent within the applicable period *310 of limitations, claiming that she made a request for prompt assessment of the tax herein under section 6501(d) on January 12, 1978, which started the 18-month period of limitations under that section. Even adding to that 18-month period an additional year in the case of transferees, as provided by section 6901(c), petitioner claims that the 30-month period expired prior to the issuance of respondent's notice herein. [6]
There is no merit in petitioner's contentions with regard to the statute of limitations. In the first place, section 6501(d), by its own terms, does not apply in the case of Federal estate taxes. In the second place, there is not a shred of evidence in this record that petitioner filed any type of request for prompt determination and assessment of decedent's estate tax liability. As a result, the period of limitations provided by section 6501(a) (three years) plus the additional year provided by section 6901(c)(1) (one year after the expiration of the period of limitation with respect to the transferor) gave respondent a total of four years from the time the Federal estate tax return herein was filed, within which to issue his notice of transferee liability against *311 petitioner. As we have found, said estate tax return was filed on January 17, 1978, and respondent's statutory notice herein was issued on January 15, 1982, which is two days short of the four-year period of limitations. Respondent's notice to petitioner was accordingly timely. 2. Petitioner urges that the burden of proof is upon respondent to show that petitioner is liable as a transferee herein, and that respondent has failed to carry this necessary burden of proof, since respondent a. has failed to recognize that petitioner's liability as transferee is secondary to the liability of decedent's estate, which is the primary liability, and that petitioner's liability therefore does not arise since respondent has not b. exhausted his attempts to collect the agreed deficiency from decedent's estate as primary obligor, and c. has failed to prove that the admitted transfers of property from decedent's estate to petitioner were done at a time when decedent's estate was insolvent, or that said transfers rendered the estate insolvent. In all of this, petitioner relies on section 6901 and 6902 and the case law developed thereunder. *312 Petitioner is correct that the burden of proof to establish petitioner's liability as a transferee is upon respondent. Section 6902(a). The rest of petitioner's argument, however, is without merit. In asserting transferee liability against petitioner herein, respondent does not rely upon section 6901(a), but rather upon section 6324. [7] Under this section, which is peculiar to Federal estate and gift taxes, a transferee's liability for estate tax is a primary liability, running directly to the transferee, and does not depend upon respondent's exhaustion of any remedies against the decedent's estate, nor does it depend upon any showing that the decedent's estate was insolvent at the time of the transfer or was rendered insolvent thereby. It is a liability created by Federal law, and is not dependent to any extent upon the operation of state law. Schuster v. Commissioner,312 F.2d 311 (9th Cir. 1962), affg. 32 T.C. 998 (1959); Groetzinger v. Commissioner,69 T.C. 309 (1977). *313 The special lien for estate and gift taxes created by section 6324(a) does not have to be recorded in order to be effective. United States v. Vohland,675 F.2d 1071 (9th Cir. 1982). *314 The personal liability of a transferee under section 6324(a)(2), however, extends only to those who have received assets of a decedent's estate which are includable for Federal estate tax purposes under the provisions of sections 2034 to 2042, inclusive (broadly speaking, assets which pass outside the decedent's probate estate). Street v. United States,310 F. Supp. 657 (S.D. Tex. 1969). In the context of this case, the record shows that the primary liability of section 6324(a)(2) thus applies to the following assets received by petitioner: 1. The cash in the joint savings and loan account, in the amount of $50,090.00, held by decedent and petitioner as joint tenants with right of survivorship, includable in the gross estate under section 2040; 2. Lot 126 of the Westboro Tract, held by decedent and petitioner as joint tenants with right of survivorship, returned by the estate at a value of $48,000.00 at the date of decedent's death, includable in the gross estate under the provisions of section 2040; and 3. The promissory note from Mr. and Mrs. Brown, given by *315 decedent to petitioner within three years of decedent's death, but reserving to decedent a life estate therein, includable in decedent's gross estate under the provisions of section 2035 and 2036, and returned by the estate at a value of $65,542.42. The value of such property is therefore well in excess of the liability asserted by respondent. Section 6324(a)(2). Respondent has shown (a) that there was a transfer of property from decedent's estate to petitioner within the meaning of section 6324(a)(2); (b) that petitioner has primary liability as transferee for any deficiency of tax and addition, to the extent of such transfer; and (c) that there is an unpaid liability (in a lesser amount) for tax and addition owing by decedent's estate. Respondent has accordingly carried his necessary burden of proof under section 6902(a) to establish petitioner's liability. Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. The parties stipulated A subsequent payment of $12,200 was recorded on July 18, 1977." Since this date was prior to the filing of the return, it appears to be an error. ↩
3. So stipulated by the parties, although the record herein contains neither a statutory notice of the determination of such deficiency, nor a certification as to the assessment thereof.↩
4. The joint tenancy was created by gift from decedent in 1971.↩
5. Indeed, there is no evidence in this record to show how respondent's determination of deficiency and addition to tax was arrived at. ↩
6. The statute of limitations defense was not pleaded by petitioner, and it appears for the first time in petitioner's brief. As an affirmative defense, the statute of limitations should be specially pleaded, Rule 39, and issues not properly pleaded will not normally be considered by the Court. Rule 34(b)(4)↩. In this case, however, respondent has raised no objection to the late introduction of this new issue, and has responded to it on brief. We therefore will consider it as an issue being tried by the consent of the parties. Rule 41(b)(1).
7. As pertinent herein, section 6324(a) provides: (2) Liability of transferees and others.--If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee (except the trustee of an employees' trust which meets the requirements of section 401(a)), surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042↩, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property transferred by (or transferred by a transferee of) such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, to a purchaser or holder of a security interest shall be divested of the lien provided in paragraph (1) and a like lien shall then attach to all the property of such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, or transferee of any such person, except any part transferred to a purchaser or a holder of a security interest.