METROPOLITAN LIFE INSURANCE COMPANY, Appellee,

v.

UNITED STATES of America, Appellant.

No. 88–5087.

United States Court of Appeals, Eighth Circuit.

Argued Nov. 15, 1988.

Decided Feb. 15, 1989.

William S. Estabrook, Washington, D.C., for appellant.

G. Martin Johnson, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and STUART *, Senior District Judge.

## ORDER

The United States of America appeals from a district court order granting summary judgment to the Metropolitan Life Insurance Company in its claim for lien priority in a parcel of land. The United States now relies, in part, on a line of reasoning it specifically rejected in the hearing before the district court. Because the district court explicitly stated that this issue could be dispositive, however, it is appropriate that we remand the case to the district court for further consideration.

The dispute began when Edward Coughlin died in 1978, leaving two acreages of land to his wife and sons. The devisees granted a mortgage on one estate to Metropolitan, which was ultimately forced to foreclose. Upon receipt of notice, however, the United States stepped in to assert a prior lien for tax deficiences. Metropolitan then filed suit in the district court, seeking first priority for its mortgage lien. At a hearing on Metropolitan's motion for summary judgment the district court expressed concern over whether 26 U.S.C. § 6324 af-

fected the priority, citing *United States v. Vohland,* 675 F.2d 1071 (9th Cir.1982). The government admitted section 6324's applicability, however, and instead argued about the elements of that section.[1] The district court granted the motion for summary judgment.

The United States now argues on appeal that section 6324 does not apply, citing *Vohland.* Appellate courts may hear issues raised for the first time on appeal, *see Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Hormel v. Halvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941), but only when the result would not be "inconsistent with substantial justice." *Stafford v. Ford Motor Co.,* 790 F.2d 702, 706 (8th Cir.1986); *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976). Given the district court's comments as to the importance of the *Vohland* issue, we believe that substantial justice requires that claim to be further considered.

We therefore remand this case to the district court to allow for additional proceedings. This panel will retain jurisdiction for any further appeals.

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The following exchange occurred at the summary judgment hearing:

   THE COURT: Let me ask you, Mr. Taylor. Of course, it's not a tax matter and it's not unusual for the government to be raising the matter of lack of federal jurisdiction and sovereign immunity. But it seems to me that you'd be better off addressing your remarks not to that, because the court has already indicated its prejudices along those lines, but that you look to *Vohland.* It seems to me you've got to convince me that *Vohland* applies for you to win. * * *

   MR. TAYLOR: Your Honor, I should have said this, I guess, when I made my remarks before. I could have saved the Court and Mr. Johnson some time. I didn't cite that case in my brief. I don't rely on it. * * *

   Motions Transcript at 22–23.